## PULLMAN'S PALACE CAR COMPANY v. HAYWARD.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF KANSAS.

No. 38. Argued March 6, 7, 1890. — Decided May 25, 1891.

Following *Pullman's Palace Car Co.* v. *Pennsylvania, ante,* 18, the judgment of the court below is affirmed.

THE case is stated in the opinion.

*Mr. Edward S. Isham* and *Mr. John S. Runnells* for appellant.

*Mr. L. B. Kellogg,* Attorney General of the State of Kansas, and *Mr. W. W. Scott* for appellees.

MR. JUSTICE GRAY delivered the opinion of the court.

This was a bill in equity by Pullman's Palace Car Company, a corporation of Illinois, and having its place of business and its principal office in that State, against the treasurers of fifty counties in Kansas, the Atchison, Topeka and Santa Fé Railroad Company and eight other railroad companies, corporations of Kansas, the Missouri Pacific Railway Company, a corporation of Missouri, and the Union Pacific Railroad Company, "a corporation organized and existing under the laws of the United States of America, and a resident and citizen of the State of Nebraska," to restrain the collection of a tax assessed in 1885 and 1886, by the board of railroad assessors of the State of Kansas, to the said railroad corporations, upon sleeping cars, dining-room cars and parlor cars, owned by the plaintiff, and by it let to those corporations, and employed exclusively in interstate commerce; and apportioned among the counties aforesaid according to the mileage of the railroads in each county ; and levied accordingly in those counties; and all which taxes were assessed, apportioned and levied under the Compiled Laws of Kansas of 1885, c. 107, art. 7, the material parts of which are copied in the margin.[1]

---

[1] SEC. 26. For the purpose of assessment of railroads and the property of railroad corporations, the lieutenant governor, secretary of state, treasurer of state, auditor of state and the attorney general are hereby constituted a board of railroad assessors, who are empowered, and it is hereby made their duty, to assess all the property of the railroads and railroad corporations in the State of Kansas : Provided, that nothing in this section contained shall be construed to include within the meaning of this act any real estate in this State owned by any railroad company, and not used, or necessary to be used, for the convenient and daily operation of its railroads; nor shall it include any buildings that are not in whole or in part situated upon the right of way of such road, but such real estate shall be assessed and taxed in the same manner as other real estate, anything in this section to the contrary notwithstanding.

SEC. 27. The board, when properly organized as herein provided for, shall proceed to ascertain all the personal property of any railroad com-

A demurrer filed by the county treasurers was sustained, and a final decree entered dismissing the bill; and the plaintiff appealed to this court.

---

pany owning, operating or constructing a railway in this State, which, for the purposes of assessment and taxation, shall be held to include the track, road-bed, right of way, water and fuel stations, buildings and land on which they are situated, adjacent to or connected with the right of way, machinery, rolling stock, telegraph lines and all instruments connected therewith, material on hand and supplies provided for operating and carrying on the business of such railroad, together with the moneys, credits and all other property of such railway company, used or held for the purpose of operating its railroad by such railway company, and appraise and assess such property at its actual value in money.

SEC. 28. Every person, company or corporation, owning, operating or constructing a railroad in this State, shall return sworn lists or schedules of the taxable property of such railroad company or corporation, as hereinafter provided. Such property shall be listed with reference to the amount, kind and value on the first day of March in the year in which it is listed.

SEC. 29. On or before the twentieth day of March, eighteen hundred and seventy-six, and at the same time in each year thereafter, the person, company or corporation owning, operating or constructing any railroad in this State shall, by its president, secretary or principal accounting officer, return to the auditor of state a sworn statement or schedule, as follows: . . . Fifth, a full list of the rolling stock belonging to or operated by the person, company or corporation, which shall distinctly set forth the number, class and value of all locomotives, passenger cars, sleeping cars, dining cars, express cars, mail cars, baggage cars, horse cars, cattle cars, coal cars, platform cars, wrecking cars, pay cars and all other kind of cars owned or leased by said company.

SEC. 30. All sleeping, dining, palace or other cars that make regular trips over any railroad in this State, and not owned by such railroad company, shall be listed by the manager, agent or conductor, or other person having such cars in charge, and return made to state auditor, the same as is required of railroad companies, and the company operating or using said cars shall be held liable for the taxes due thereon.

SEC. 33. The board of railroad assessors, after having valued and assessed all the railroad property in this State in accordance with the provisions of this article, shall through the auditor of state make returns to the county clerks of each and every county in which any portion of said railroad property, as designated in this article, may be located.

SEC. 34. Such returns shall be as follows: First, number of miles of main track located in each city and township in the county, and the total length in the county. Second, the average valuation per mile; such valuation to include the following items: Track, right of way, franchises, road-bed, rolling stock, telegraph lines and instruments connected therewith,

This case presents substantially the same questions as the case of *Pullman's Palace Car Co.* v. *Pennsylvania,* argued with it, and just decided, and is disposed of by the opinion in that case.                                    *Decree affirmed.*

MR. JUSTICE FIELD, MR. JUSTICE BRADLEY and MR. JUSTICE HARLAN dissented, for the reasons stated in their opinion in *Pullman's Palace Car Co.* v. *Pennsylvania, ante,* 18.

MR. JUSTICE BROWN, not having been a member of the court when this case was argued, took no part in its decision.

material on hand, supplies and tools, and all other property used in the operation of the road, and all moneys and credits. Third, the average valuation per mile of all personal property enumerated in this article. Fourth, the amount of valuation that shall be placed to the credit of each city and township in the county, as heretofore provided for in this section.

SEC. 38. The county clerk, as soon as he shall have received the return of railroad assessment from the auditor of state, shall certify to the proper officer of the different school districts, cities and townships in his county, in or through which any portion of the railroad is located, the amount of such assessment that is to be placed upon the tax roll for the benefit of such school district, city or township, and he shall at the proper time place such assessment on the proper tax roll of his county, subject to the same per cent of levy for different purposes as in other property.