(101 South. 581)

No. 26107.

UNION TANK CAR CO. v. DAY, Sheriff, et al.

(July 8, 1924.)

*(Syllabus by Editorial Staff.)*

1. Taxation ⊛═37 — Constitutional authority to provide that local, municipal, and district taxes be assessed on parish assessment roll not mandatory.

State Const. 1921, art. 10, § 6, providing "the Legislature may provide that all local, municipal, and district taxes shall be assessed and extended on the parish assessment roll," etc., is permissive and not mandatory.

2. Constitutional law ⊛═229(1), 283—Taxation ⊛═40(4)—State lieu tax on rolling stock of nondomiciled corporations held not discriminatory and violative of Const. U. S. Amend. 14.

Act No. 109 of Extra Session 1921, §§ 1, 5, enacted pursuant to Const. 1921, art. 10, § 16, levying tax for state purposes only on rolling stock of nondomiciled owners used in state, in lieu of local taxes assessable, under article 10, § 6, by local authorities on other rolling stock, is not discriminatory or violative of Const. U. S. Amend. 14.

3. Constitutional law ⊛═229(1), 283—Taxation ⊛═908—State's allocation of rolling stock tax to state purposes only held permissible and not violative of Const. U. S. Amend. 14.

The state's allocation to state purposes only of the 25-mill tax levied by Act No. 109 of Extra Session 1921, §§ 1, 5, on rolling stock of nonresident and nondomiciled owners, is permissible and not violative of Const. U. S. Amend. 14, though taxes on other rolling stock are assessed and used locally.

4. Commerce ⊛═73—Cars let to railroads and used exclusively in interstate commerce are taxable by state.

Cars let to railroad corporations and used exclusively in interstate commerce are taxable in state, and tax is apportionable among counties of state according to mileage.

5. Taxation ⊛═93(1) — Owner of personalty may be taxed where it is located, though he is not citizen or resident of taxing state.

Personalty for purposes of taxation may be separated from owner, and he may be taxed on its account at place where it is, though not place of his domicile, and though he may not be citizen or resident of state imposing tax.

6. Taxation ⊛═40(1)—Validity of tax legislation as regards question of equality held dependent on whether its necessary operation results in unjust discrimination.

Validity of particular method of taxation prescribed by Legislature as regards question of equality does not depend on ability of courts to indicate some other form which might result in greater equality of burden, but on whether its necessary operation results in unjust discrimination.

7. Constitutional law ⊛═229(1), 283—Taxation ⊛═40(4) — Federal Constitution does not guarantee absolute uniformity, but only fair distribution of burden and lack of intentional discrimination.

Federal Constitution does not secure to citizens of several states absolute uniformity of taxation, but only guarantees a reasonably fair method of distribution of burden of taxation, and prohibits intentional discrimination against nonresidents.

8. Commerce ⊛═73—Tax on rolling stock of nonresident and nondomiciled owners held not undue burden on interstate commerce.

Neither federal Constitution nor congressional act prohibits state from taxing personalty employed in interstate or foreign commerce as other personalty within its jurisdiction, and tax imposed by Act No. 109, Extra Session of 1921, §§ 1, 5, on rolling stock of nondomiciled, owners, is not undue burden on interstate commerce.

9. Taxation ⊛═42(1)—Tax on rolling stock of nondomiciled owners held not violative of state constitutional requirement of uniformity.

The state tax imposed by Act No. 109, Extra Session of 1921, § 5, on rolling stock of nondomiciled owners, being based on general average of local taxes imposed on like kinds of property, is not violative of Const. art. 10, § 1, requiring taxes to be uniform on same class of subjects throughout territorial limits of levying authority.

Appeal from Twenty-Second Judicial District Court, Parish of East Baton Rouge; Harney F. Brunot, Judge.

Suit by the Union Tank Car Company against Robert B. Day, Sheriff, and others, to enjoin collection of tax. From decree of dismissal, plaintiff appeals. Affirmed.

Edward N. Goodwin, and Campbell, Harding & Pratt, all of New York City, and Eugene J. McGivney, of New Orleans, for appellant.

A. V. Coco, Atty. Gen., and A. J. Thomas, of Baton Rouge (Harry P. Sneed, of New Orleans, of counsel), for appellees.

By the WHOLE COURT.

LAND, J. The Louisiana Tax Commission assessed for the year 1922, at a valuation of $499,800, certain tank cars, 510 in number, owned by the Union Tank Car Company, a nonresident corporation, without domicile in the state of Louisiana.

Said cars were being used at the time in interstate commerce, and were operated by the lessees of plaintiff company over various railroads running through the parishes of the state.

The total tax in question amounts to $15,-118.85, and was levied, at the rate of 30¼ mills, by sections 1 and 5 of Act 109 of the Extra Session of 1921; the latter section being enacted to carry into effect section 16 of article 10 of the state Constitution of 1921, which provides that:

"Rolling stock operated in this state, the owners of which have no domicile therein, shall be assessed by the Louisiana Tax Commission, and shall be taxed *for state purposes only*, at a rate not to exceed 40 mills on the dollar of assessed value."

The total state tax of 30¼ mills thus imposed consists of the general state tax of 5¼ mills, provided for in section 3 of article 10 of the present Constitution, and levied for the year 1922 under section 1 of Act 109 of 1921, the annual revenue act of the state, and also of 25 additional mills levied under section 5 of said act, and provided for in section 16 of article 10 of the state Constitution.

1. Plaintiff tendered in the court below the general state tax of 5¼ mills upon the assessment of its rolling stock as made by the Louisiana Tax Commission, but seeks in the present suit to enjoin the tax collector of the parish of East Baton Rouge from collecting the additional tax of 25 mills, on the ground that section 16 of article 10 of the state Constitution, and section 5 of Act 109 of 1921, deny to plaintiff the equal protection of the laws, and authorize and require the taking of plaintiff's property without due process of law, as said provisions provide for the levy and collection of a tax for state purposes at the rate of 25 mills on the dollar of assessed value of plaintiff's rolling stock—

"Whereas no such tax is levied upon any real or personal property, or upon rolling stock or cars owned by residents of the state of Louisiana, or owned by nonresidents of said state having a domicile therein."

Plaintiff company also alleges that said provisions are illegal and void under the Fourteenth Amendment of the Constitution of the United States, in that said additional state tax is discriminatory and arbitrary.

[1, 2] We fail to find any unconstitutional discrimination against plaintiff company under the provisions of the state Constitution and statute in question. Section 6 of article 10 of the state Constitution declares that—

"The Legislature *may* provide that all local, municipal, and district taxes shall be assessed and extended on the parish assessment roll and collected by the tax collector of the parish."

This method of assessment and collection of all local taxes is merely permissive and not mandatory. It is a matter left by the state Constitution to the sound discretion of the Legislature. Had the law-making body of the state seen fit to do so, all local taxes could have been made assessable and collectible under the state assessment only. Section 16 of article 10 of the state Constitution, therefore, is not in violation of any fixed constitutional requirement as to the assessment and collection of local taxes, in that said section provides that the rolling stock of nonresident owners, without domi-

cile in the state, shall be assessed for state purposes only, "at a rate not to exceed 40 mills on the dollar of assessed value." All personal and real property in the state is declared subject to the payment of a general state tax, not to exceed 5¼ mills under section 3 of article 10 of the state Constitution, and also to the payment of local, municipal, and district taxes by other provisions of the organic law. Article 10, §§ 5, 10, 13; article 12, § 15; article 14, §§ 11, 12, 14; article 16, § 1. Not only plaintiff's rolling stock, but the rolling stock of all resident owners and of nonresident owners with domiciles in the state, is made to contribute its just portion of this state-wide tax. The only difference in the manner of assessment and collection of local taxes levied on the rolling stock of nonresident and nondomiciled owners, and on other rolling stock owned in the state, is that the former is collected under state assessment and for state purposes only, in the form of an additional lieu tax, under section 16 of article 10 of the state Constitution, and under section 5 of Act 109 of 1921, and the latter is collected by local tax collectors and apportioned to the locality in which the domiciles of such owners are situated, under Act 170 of 1898, § 29, and Act 9 of Ex. Sess. 1917, § 5.

The sections of the Constitution and statute in question have clearly for their purpose, the fixing of a general average rate of local taxation as to the rolling stock owned by nonresidents without domicile, so as to make such rate conform, as nearly as practicable, to the local tax rate paid on rolling stock owned by residents and nonresidents with domiciles in the state, and thereby approximate a general equality in the burden of local taxation that should fall upon the two classes of property.

It must be assumed that the state has secured by this method of taxation a reasonably fair distribution of the burden of local taxes by the levy of the additional lieu tax of 25 mills on the rolling stock of nonresidents without domicile in the state, in the absence of proof to the contrary in the record. The federal Constitution does not require more than this in the matter of state taxation of the property of nonresidents. Travelers' Insurance Co. v. Connecticut, 185 U. S. 364, 22 Sup. Ct. 673, 46 L. Ed. 949.

We cannot presume intentional discrimination by the state against nonresident and nondomiciled owners of rolling stock operated within its limits. Plaintiff company has failed to prove that the additional tax levied is in excess of what would be legitimate as a general average local tax on its rolling stock. The record is barren of evidence to show that the operation of Act 109 of 1921 causes plaintiff company to pay higher taxes on its tank cars than it would have to pay were it a Louisiana corporation, or a nonresident corporation with domicile in the state. The presumption of substantial equality in taxation in this case is not rebutted by the admission in the record that in some parishes in the state the total of all state, parish, and local taxes is in excess of the total of the state tax of 5¼ mills and the additional tax of 25 mills, while in other parishes, including the parish of East Baton Rouge, it is considerably less. Instead of selecting as a standard of uniformity the parish of East Baton Rouge, where the rate of local taxation is low, had plaintiff chosen the parish of Orleans, where the rate of local taxation is high, instead of paying higher taxes than the resident owners of rolling stock in the parish of East Baton Rouge, as asserted, plaintiff would pay lower taxes than resident owners of such stock in the latter parish. The same result would be arrived at by comparison with high local rates in other parishes. The additional tax of 25 mills is clearly a tax in lieu of all local taxes, a method of taxation employed by the

state, both as to the severance tax, and as to taxes on banks domiciled out of the state and engaged in business in the state. Section 21 and section 9 of article 10 of Constitution 1921.

The general scheme of taxation adopted by the state in article 10 of the present Constitution provides:

(1) A general state-wide ad valorem tax of 5¼ mills (section 3). (2) Inheritance taxes (section 7). (3) License or occupation taxes (section 8). (4) Taxes on banks domiciled out of the state (section 9). (5) Taxes on nonresident owned rolling stock (section 16). (6) Severance tax (section 21).

The first three of these taxes are levied generally, while the last three are distinctly lieu taxes.

It is to be observed that, while the state tax proper of 5¼ mills is levied under section 1 of Act 109 of 1921, the 25 mill tax is levied under section 5 of said act, *"in addition* to the taxes levied in the amount and for the purposes designated in the foregoing sections of this act."

[3] The state has allocated this additional tax to state purposes only. This method of taxation is clearly permissible. The mode of distribution of the unlocated or transitory personal property of a railroad company for purposes of taxation is a matter of regulation by the state Legislature, which in no way involves a violation of the Fourteenth Amendment. Columbus Southern Ry. v. Wright, 151 U. S. 470, 14 Sup. Ct. 396, 38 L. Ed. 238.

[4] The cars of a car company let to railroad corporations, and employed exclusively in interstate commerce, may be taxed in a state, and the tax apportioned among the counties of the state according to mileage of the railroads in each county and levied in those counties. Pullmans Palace Car Co. v. Hayward, 141 U. S. 36, 11 Sup. Ct. 883, 35 L. Ed. 621.

[5] For purposes of taxation, personal property may be separated from its owner, and he may be taxed, on its account, at the place where it is, although not the place of his own domicile, and even if he is not a citizen or a resident of the state which imposes the tax. Pullmans Palace Car Co. v. Pennsylvania, 141 U. S. 18, 11 Sup. Ct. 876, 35 L. Ed. 613, citing numerous cases.

Had the state deemed proper to tax the rolling stock of plaintiff company according to mileage in each parish, and to apportion the tax to each parish by local levy, such method of taxation could have been provided for, and would have been constitutional.

[6] The state, however, was not compelled to adopt that particular method of taxation. The validity of legislation of this character depends, not upon the ability of courts to indicate some other form of taxation which might result in greater equality of burden, but upon judicial determination whether the necessary operation of such legislation results in an unjust discrimination.

[7] The federal Constitution does not secure to the citizens of the several states absolute uniformity in taxation, but requires that the state shall provide a reasonably fair method of distribution of the burden of taxation, and that no intentional discriminations shall be made against nonresidents. Travelers' Ins. Co. v. Connecticut, 185 U. S. 371, 22 Sup. Ct. 673, 46 L. Ed. 954.

"Absolute equality in taxation can never be obtained. That system is the best which comes the nearest to it. The same rules cannot be applied to the listing and valuation of all kinds of property. Railroads, banks, partnerships, manufacturing associations, telegraph companies, and each one of the numerous other agencies of business which the inventions of the age are constantly bringing into existence, require different machinery for the purposes of their taxation. The object should be to place the burden so that it will bear as nearly as possible equally upon all. For this purpose different systems adjusted with reference to the valuation of different kinds of property are adopted. The courts permit this." Tappan v. Merchants'

Bank, 19 Wall. 490, 504, 22 L. Ed. 189, 195; Travelers' Ins. Co. v. Connecticut, 185 U. S. 372, 22 Sup. Ct. 673, 46 L. Ed. 954; Cudahy Packing Co. v. State of Minnesota, 246 U. S. 450, 38 Sup. Ct. 373, 62 L. Ed. 827.

The record in this case disclosing substantial equality in taxation as between resident owners and nonresident owners of rolling stock employed in the state, plaintiff company cannot be heard to complain that the method of taxation adopted by the state by the levy of an additional state tax in lieu of local taxes is in contravention of the Fourteenth Amendment to the federal Constitution.

[8] 2. The contention by plaintiff that the tax upon its rolling stock constitutes an undue burden upon the regulation of interstate commerce is without merit.

The tax is upon the property employed in the business and not upon the right to carry on the business at all. It is not a tax on, or because of, the transportation, or the right of transit of persons or property through the state to other states. The tax levied, therefore, is not the imposition of a direct burden upon the commerce itself.

There is nothing in the Constitution or laws of the United States which prevents a state from taxing personal property, employed in interstate or foreign commerce, like other personal property within its jurisdiction. Pullmans Palace Car Co. v. Pennsylvania, 141 U. S. 18, 11 Sup. Ct. 876, 35 L. Ed. 613; Delaware Railroad Tax, 85 U. S. (18 Wall.) 206, 232, 21 L. Ed. 888, 896; Western Union Tel. Co. v. Tex., 105 U. S. 460, 464, 26 L. Ed. 1067, 1068; Gloucester Ferry Co. v. Pennsylvania, 114 U. S. 196, 206, 211, 5 Sup. Ct. 826, 29 L. Ed. 158, 163, 164; Western Union Tel. Co. v. Massachusetts, 125 U.

S. 530, 549, 8 Sup. Ct. 961, 31 L. Ed. 790, 793; Marye v. Baltimore & O. R. Co., 127 U. S. 117, 124, 8 Sup. Ct. 1037, 32 L. Ed. 94, 96; Leloup v. Port of Mobile, 127 U. S. 640, 649, 8 Sup. Ct. 1380, 32 L. Ed. 311, 314.

[9] 3. Plaintiff alleges that the provisions of section 5 of Act 109 of 1921 violates section 1 of article 10 of the state Constitution, which provides that—

"All taxes shall be uniform upon the same class of subjects throughout the territorial limits of the authority levying the tax."

It would be difficult to conceive a more uniform state tax in lieu of local taxes than that which is based upon the general average of local taxes, widely varying in rates, and which is imposed upon all tank cars owned by nonresident and nondomiciled owners throughout all local districts in which such cars are operated.

"It is not required that the tax on residents and nonresidents with respect to the same property be identical; and if substantial equality is provided, it can make no difference that in particular cases a nonresident is taxed higher than a resident with respect to the same property." R. C. L., vol. 26, pp. 93, 167.

The record establishes the fact that plaintiff company is taxed in substantial uniformity with other property holders throughout the state, and this is all that the law requires.

Plaintiff's suit was dismissed by the court below. The judgment appealed from is correct.

Judgment affirmed.

O'NIELL, C. J., concurs in the result.
ST. PAUL, J., concurs in the decree.
BRUNOT, J., recused.