### SINCLAIR REFINING CO. v. DAY, Sheriff, etc.

(District Court, E. D., Louisiana, Baton Rouge Division. March 2, 1926.)

No. 111.

1. **Constitutional law** ⊕⇒283—**Taxation** ⊕⇒37—**State's distribution of transitory railroad property, for purpose of taxation and allocation of tax to state purposes only, held proper (Const. Amend. 14).**

Distribution of unlocated and transitory personal property of railroad for purpose of taxation is matter for regulation by state, and allocation of tax on nonresident railroad's rolling stock to state purposes only is permissible, and does not involve violation of Const. Amend. 14.

2. **Constitutional law** ⊕⇒229(1)—**Taxation** ⊕⇒37—**State tax on rolling stock of nonresident oil company held not arbitrary, or violative of federal Constitution (Const. U. S. Amend. 14; Act La. No. 109 Ex. Sess. of 1921, § 5).**

Act La. No. 109 Ex. Sess. of 1921, § 5, imposing an ad valorem tax on nonresident oil company's rolling stock used within state, making total tax paid on such property fairly equal to tax borne by other property throughout state, held not arbitrary, illusory, void, or violative of Const. U. S. Amend. 14, though certain companies, by fixing their domiciles in particular localities, had succeeded in obtaining a lower total rate.

In Equity. Suit by the Sinclair Refining Company against E. S. Day, Sheriff and ex officio Tax Collector, to enjoin collection of taxes. Bill dismissed.

A. J. Thomas, of Baton Rouge, La. (A. V. Coco, Atty. Gen., of Louisiana, and Harry P. Sneed, of New Orleans, La., of counsel), for State Tax Collector.

Edw. H. Chandler and Summers Hardy, both of Tulsa, Okl., and J. G. Palmer and J. Fair Hardin, both of Shreveport, La., opposed.

Before BRYAN and FOSTER, Circuit Judges, and BURNS, District Judge.

BURNS, District Judge. This is a suit to enjoin the collection of taxes assessed against oil tank cars owned by the plaintiff for the years 1922 to 1925, inclusive, totaling over $17,000; the same being a special state tax of 25 mills on the dollar, imposed as by Act No. 109 Ex. Sess. of 1921 of the General Assembly of Louisiana, in addition to the general state tax of 5¼ mills, which plaintiff paid without protest. No controversy is made with reference to the assessed valuations made by the Louisiana tax commissioners, nor as to the correctness of the

number of cars so assessed, nor as to the validity of the 5¼ mills general tax, so that there is involved only the validity of the special 25-mill assessment, which is provided for by section 5 of the act referred to, which prescribes:

"That in addition to the taxes levied in the amount and for the purposes designated in the foregoing sections of this act there is hereby levied for the calendar year one thousand nine hundred and twenty-two (1922), A. D., and each succeeding calendar year, for state purposes, to be paid into the general fund, an annual tax of twenty-five mills (.025) on the dollar of the assessed value of all rolling stock of nonresident persons, firms, partnerships, companies, associations or corporations, having no domicile in the state of Louisiana, operated over any railroad in the state of Louisiana within or during any year for which such tax is levied; and the term 'rolling stock' as used herein shall include any kind of locomotive, car or sleeping car used for freight or passenger purposes that may be so operated over any railroad within the state."

The case is submitted on the pleadings, an agreed statement of facts, together with certified excerpts of the tax rolls from the records of parish sheriffs, ex officio tax collectors, of the parishes of East Baton Rouge, Caddo, Jefferson, Ouachita, Red River, and the city of Shreveport, in Caddo parish, La., and the reports of the Louisiana tax commission for the years 1922 and 1925, from which it appears that the plaintiff is a Maine corporation, owning and operating oil tank cars which move in interstate commerce within the state of Louisiana; that the plaintiff is not domiciled in Louisiana, in fact or in law, and is not engaged in doing business in Louisiana; that there has been assessed against the tank cars the general and special state taxes first above described; that the said tax is an ad valorem tax upon property employed by the plaintiff in the state of Louisiana, confined to the transportation of the plaintiff's products in interstate commerce; that the total of all state, parish, and local taxes levied and collected by the state and local authorities in some of the parishes of the state of Louisiana, upon real and personal property, exceed the total of the general state taxes of 5¼ mills, plus the special state tax of 25 mills, or say 30¼ mills, imposed by Act 109 of 1921 upon the oil tank car property of plaintiff; that the total of all state, parish, and local taxes in some of the parishes of the state of Louisiana, and in the parish of East Baton Rouge, is less than the total of the state general taxes of 5¼ mills, plus the special tax of 25 mills, or say 30¼ mills, imposed by Act 109 of 1921. (The general state tax for the year 1925 was increased to 5¾ mills.)

The general scheme of taxation in Louisiana, as shown by article X of its Constitution, provides:

Section 3. A general state-wide ad valorem tax of 5¼ mills.

Section 7. Inheritance taxes.

Section 8. License or occupation taxes.

Section 9. Taxes on banks domiciled out of the state.

Section 16. Taxes on nonresident owned rolling stock.

Section 21. Severance tax.

The first three are levied generally, while the last three are distinctly lieu taxes. The 25-mill tax, called in question, is levied under section 5 of the Act 109 of 1921, "in addition to the taxes levied in the amount and for the purposes designated in the foregoing sections."

[1, 2] The state has allocated this additional tax to state purposes only. Defendant contends, properly, we think, that this method of taxation is clearly permissible; that the mode of distribution of the unlocated or transitory personal property of a railroad company, for purposes of taxation, is a matter of regulation by the state Legislature, which in no way involves a violation of the Fourteenth Amendment, citing Columbus Southern Railway v. Wright, 14 S. Ct. 396, 151 U. S. 470, 38 L. Ed. 238; Shaffer v. Carter, 40 S. Ct. 221, 252 U. S. 37, 64 L. Ed. 445; Cudahy Packing Co. v. Minnesota, 38 S. Ct. 373, 246 U. S. 450, 62 L. Ed. 827.

In the recent case in this district, No. 113 of the docket entitled General American Tank Car Corporation v. R. R. Day, Sheriff, etc., decided May 8, 1924 (decree affirmed 46 S. Ct. 234, 70 L. Ed. ——), where the same contentions were made, it was held, on the authority of Pullman Palace Car Co. v. Pennsylvania, 11 S. Ct. 876, 141 U. S. 18, 35 L. Ed. 613, that the state has the right to impose a property tax on cars and other rolling stock of railroads operating within the state. The tax complained of was held not to discriminate against the plaintiffs, and further that it is immaterial whether such taxes are paid to a local subdivision of the state or to the state itself; that the method of assessment was fair and reasonable, and that the taxpayer is not concerned with the allocation. Likewise the Supreme Court of Louisiana, in the case of Union Tank Car Co. v. Day, 101 So. 581, 156 La. 1071, failed to find any unconstitu-

tional discrimination against plaintiff company under the provisions of the state constitution and statute in question, and dismissed the suit in concluding a well-considered opinion reviewing the pertinent authorities, both state and federal, exhaustively.

The plaintiff here insists that the decisions of this court in the General American Tank Car Case referred to, and of the Louisiana Supreme Court in the Union Tank Car Case, are not binding and conclusive on this court, and should not be followed in this case, notwithstanding the fact that, for all practical purposes, the identical questions now presented were decided. It contends that the case is distinguishable, in that it was expressly found as a fact in those cases that the plaintiffs had failed to show any discrimination in fact, and that the local taxes throughout the state averaged the same as the 25-mill tax imposed by section 5 of the Act 109 of 1921; that the decisions referred to, particularly that of the Louisiana Supreme Court, were based upon the fact that plaintiff had failed to prove that the additional tax of 25 mills was in excess of what would be legitimate as a general average local tax on its rolling stock. The argument in support of this contention, designed to show the alleged distinction between the cases, is not supported by the evidence of record. The contrary more clearly appears and fairly supports defendant's contention; i. e., that the plaintiff has not shown that it has been discriminated against, or subjected to a higher rate of tax than is borne by the average property throughout Louisiana, whether owned by residents or nonresidents, by such proof as was tendered to show that certain tank line companies, by fixing their domiciles in particular localities, have succeeded in obtaining a lower tax rate than the 30¼ mills.

The argument of plaintiff that the state cannot consistently, with the Constitution of the United States, under the guise of classification, discriminate between the owners of similar property based upon the residence or citizenship of the owners thereof, is not sustained in any part of the decision of the Circuit · Court of Appeals (Fifth Circuit) in Simms Oil Co. v. Wolfe, 6 F.(2d) 504, where it was decided that the appellant Oil Company acquired no domicile in the state by subjecting itself to judicial process through an agent, appointed under state statute for that purpose, whereby local taxes might be assessed and enforced against it. The conclusion reached is that the classification is not arbitrary, illusory and void. On the contrary, the record establishes sufficiently that the plaintiff's property is taxed in substantial uniformity with that of other property owners throughout the state, and that is all the law requires.

It follows that the bill must be dismissed.