## DAY, Tax Collector, v. SIMMS OIL CO.

District Court, W. D. Louisiana, Shreveport Division. April 28, 1927.

No. 249.

**I. Taxation ⊜166—Statute imposing state tax on rolling stock of nonresident owners having no "domicile" in state applies to foreign corporation, though it had designated place of business and agent for service of process (Act La. No. 109, Extra Sess. of 1921, § 5; Const. La. 1921, art 10, § 16).**

Designation by a foreign corporation of a place of business in Louisiana and an agent to receive service of process, as required by statute, does not give it a "domicile" in the state for taxation purposes, and Act La. No. 109, Extra Sess. of 1921, § 5, authorized under Const. La. 1921, art. 10, § 16, levying a tax of 25 mills on the dollar of assessed value on rolling stock used in the state, owned by nonresidents having no domicile therein, applies to such a corporation.

[Ed. Note.—For other definitions, see Words and Phrases, First and ·Second Series, Domicile.]

**2. Taxation ⊜327—Method of taxation for state purposes of property of nonresident owners prescribed by statute held reasonable (Act La. No. 109, Extra Sess. of 1921, § 5).**

Method of assessment and levy of state tax on rolling stock owned by nonresidents, prescribed by Act La. No. 109, Extra Sess. of 1921, § 5, held fair· and reasonable.

**3. Taxation ⊜249—Corporation held estopped by position taken in previous litigation to claim exemption from state tax.**

A foreign corporation, which by contesting in the courts has escaped local taxation on the ground that it is not domiciled in the state, held estopped to claim exemption from a state tax imposed on property of nonresidents:

In Equity. Suit by Eudora S. Day, Tax Collector, against the Simms Oil Company. Decree for complainant.

Harry P. Sneed, of New Orleans, La., for plaintiff.

Albert P. Garland, of Shreveport, La., for defendant.

DAWKINS, District Judge. The state, through the tax collector of East Baton Rouge parish, brought this proceeding in the state court for Caddo parish to compel the respondent Oil Company to surrender property sufficient to pay the amount of state taxes, interest, penalties, and costs alleged to be due for the years 1922 to 1925, inclusive, upon certain rolling stock employed in its business in this state. The case was removed here upon the ground of diverse citizenship.

Defendant disputes the validity of the tax for three main reasons: First, it has not been levied by the Legislature upon the property of taxpayers in defendant's class; second, that the method of assessing defendant's tank cars for the year 1922 is "unfair, unreasonable, and confiscatory, and not authorized by the laws of the state"; third, that it is discriminatory and violative of the Constitution of the United States and of the state, guaranteeing it equal protection of the laws.

[1] 1. Defendant admits the validity of the provision of the Constitution of Louisiana (article 10) which reads as follows:

"Section 16. Rolling stock operated in this state, the owners of which have no domicile therein, shall be assessed by the Louisiana tax commission, and shall be taxed for state purposes only, at a rate not to exceed forty mills on the dollar of assessed value."

Its contention, briefly stated, is that Act 109 of 1921 does not levy the tax sought to be collected upon the property of owners in the class of this defendant. Act 109, Extra Sess. of 1921, was the general revenue statute passed pursuant to the Constitution of that year levying taxes for state purposes for 1922 and subsequent years, the pertinent provisions of which are quoted and referred to as follows:

"Section 5. That in addition to the taxes levied in the amount and for the purposes designated in the foregoing sections of this act there is hereby levied for the calendar year one thousand nine hundred and twenty-two (1922) A. D., and each succeeding calendar year, for state purposes, to be paid into the general fund, an annual tax of twenty-five mills (.025) on the dollar of the assessed value of all rolling stock of nonresident persons, firms, partnerships, companies, associations or corporations, having no domicile in the state of Louisiana, operated over any railroad in the state of Louisiana within or during any year for which such tax is levied; and the term 'rolling stock' as used herein shall include any kind of locomotive, car or sleeping car used for freight or passenger purposes that may be so operated over any railroad within the state.

"Section 6. That the rolling stock of persons, firms, partnerships, companies, associations or corporations subject to the additional tax levied by the foregoing section shall be assessed at actual cash value by the Louisiana tax commission upon an assessment roll to be prepared by it, and the taxes levied by section 1 and section 5 of this act shall be extended upon such roll by the Louisiana

tax commission. Such roll shall be made in triplicate, and it shall be the duty of the Louisiana tax commission, on or before the first day of October of each year, to file one copy thereof with the auditor of public accounts of the state of Louisiana and one copy with the sheriff and ex officio tax collector of the parish of East Baton Rouge, retaining one copy in its office. The correctness of the several copies of such roll shall be duly certified by the Louisiana tax commission.

"Section 7. That it shall be the duty of the sheriff and ex officio tax collector of the parish of East Baton Rouge to collect the taxes extended upon the roll so made and filed in his office by the Louisiana tax commission, and make settlement with the state auditor and state treasurer as provided by law for other state taxes collected by him.

"Section 8. That all of the provisions of Act No. 9 of the Extra Session of the General Assembly of 1917 relating to the assessment and taxation of rolling stock of persons, firms, partnerships, companies, associations or corporations, whether domiciled within or without the state of Louisiana, in so far as they may be applicable hereto and not inconsistent herewith, shall be and remain in full force and effect."

This act makes no attempt to differentiate between foreign corporations or other taxpayers who have or who have not declared a domicile in the state for the service of legal process, but levies the tax, as indicated by section 5 "for the calendar year 1922, and each succeeding calendar year, for state purposes, to be paid into the general fund [on] all rolling stock of nonresident persons, firms, partnerships, companies, associations or corporations *having no domicile in the state of Louisiana.* * * *"

Section 8 continues in effect the provisions of Act No. 9, Extra Sess. of 1917, "relating to the assessment and taxation of rolling stock" of taxpayers, "whether domiciled within or without the state, * * * in so far as they may be applicable hereto and not inconsistent herewith. * * *"

It must be assumed that both the constitutional convention and the Legislature knew of and had in mind the ruling of the Supreme Court of the state in Constantin Refining Co. v. Day, Tax Collector, 147 La. 623, 85 So. 613, holding invalid provisions of Act No. 9, Extra Sess. of 1917, in so far as they attempted to authorize the taxation of rolling stock of foreign owners for local purposes at the state capitol, where such

property had never been. Accordingly it was provided in the Constitution of 1921 that rolling stock owned by those who "have no domicile therein shall be assessed by the Louisiana tax commission and shall be taxed for state purposes only, at a rate not to exceed forty mills on the dollar of assessed value." Act 109 of 1921 putting this provision into effect went no further than to declare that "nonresidents * * * having no domicile in the state of Louisiana" should pay a tax for state purposes only of 25 mills. Nothing whatever was said in the act about those who have declared a domicile for service of civil process, as in the case of the act of 1917. I think it proper to assume further, therefore, that the Legislature, in view of the decision of the Supreme Court that section 5 of the act of 1917, in so far as it attempted to subject rolling stock to local taxation, was invalid, realized it could not preserve the same in force by the saving clause of section 8 of the act of 1921, above quoted. There were numerous other provisions of the act of 1917, which were important to keep alive, such as section 4, as to the powers of the board in requiring owners to furnish statements as the basis of assessment; sections 6 and 7, as to the fixing of values; sections 8 and 9, providing for penalties; section 10, covering reports by the board; and section 11, authorizing the board to make assessments in such manner as it might determine to be fair and just, in case of failure of the owners to furnish the necessary information.

The case of Gulf Refining Co. v. Tillinghast, 152 La. 847, 94 So. 418, in which the Supreme Court of Louisiana reversed its ruling in Constantin Refining Co. v. Day, supra (in both of which cases the writer of this opinion participated as a member of that court), was not handed down until October 30, 1922. At that time both the convention and the Legislature had acted upon the belief that such property could not be taxed for local purposes, for the reason, as stated in the Constantin Refining Company Case, it could only be taxed in those local jurisdictions in which it had been actually present and used. Under this latter ruling it was realized by all, including the court in its discussions of the matter, that it would be next to impossible to assess and tax rolling stock for local purposes, because it was constantly moving through the state, in one parish to-day and another to-morrow, and since the method of assessment was by taking the mileage traveled in the state and dividing it by 5,000, the quotient representing the number

of cars, the assessment for local purposes would be split into innumerable fractions, with different rates in the respective parishes, thus causing confusion and costing more, perhaps, than the taxes would amount to to enforce their collection.

In order to obviate all of this, it was determined by the convention (of which the writer of this opinion was also a member) to assess all such property for state purposes only. Nothing was said in the opinion in the Constantin Refining Company Case to disclose whether or not that concern had declared a domicile for the service of process in this state, and of course there was no occasion to construe that part of the Act of 1917 Extra Sess. (section 5), as was done by the Circuit Court of Appeals for this Circuit in the case of this respondent against the tax collectors, 6 F.(2d) 504. However, in the case last mentioned, the Circuit Court of Appeals found that respondent could not be assessed under section 5 of the Act of 1917, for the reason that the Legislature of the state by Acts Nos. 243 of 1912 and 120 of 1920, as interpreted by the Supreme Court of the state, had confined the requirement of establishing a domicile within the state by foreign corporations, firms, etc., to the purposes of litigation, and had made no provision for the establishment of a domicile, such as would constitute a situs for the assessment and taxation of personal property. The result was, and as expressly held by that court, that section 5 of the Act of 1917, in so far as it attempts to subject rolling stock of the respondent to local taxation because of its having declared a domicile for the service of process, was concerned, stood as if not written, and it occupies the position of all other foreign property owners who are subject to assessment and taxation under Act 109, Extra Sess. of 1921, for state purposes only.

My conclusion is that the Legislature has levied the tax and the Louisiana tax commission is attempting to collect it under the provisions of section 5 of Act 109, Extra Sess. of 1921, and that the contention made under the first heading of respondent's attack thereon cannot be sustained.

[2] 2. I am unable to see that the method of assessment and taxation is "unfair, unreasonable, and confiscatory," for, as just stated, I think the same is in accordance with the act of 1921, and constitutes a reasonable basis for the imposing upon respondent of its share of the burden of taxation for the support of the state government. It has been so held by the Supreme Court of the United States, in the case of General American Tank Car Corporation et al. v. Day, Sheriff and Tax Collector, in case No. 162, October term, 1925. 270 U. S. 367, 46 S. Ct. 234, 70 L. Ed. 635.

[3] 3. As to the contention that other non-resident taxpayers are assessed differently, in that they are permitted to declare a domicile for the purpose of local taxation in lieu of the state tax of 25 mills, and a great many have done so, it is sufficient to say that this respondent was afforded the same privilege, and refused to take advantage of it. It successfully resisted the payment of taxes under that method in the case of Simms Oil Co. v. Hughes, Sheriff and Tax Collector, supra (C. C. A.) 6 F.(2d) 504, and it cannot now be heard to complain if others are permitted to avail themselves of that method of discharging their obligations to the state. It has been denied no right of protection under the laws enjoyed by others. Respondent cannot escape taxation entirely by taking the position in the former suit that it could not be assessed by that method for local taxation, and now contending that it is exempt from such tax under the Constitution and statute which have now been held to be applicable to its case.

4. It is further contended that the taxes for 1922 could not be levied upon the basis of the property owned by respondent in the state during the preceding year of 1921. However, the Louisiana tax commission had to adopt some practical basis of determining the assessment for 1922, and, since it had to be done during the early and middle part of that year, it was not possible within the nature of things to tell how much property respondent would have in the state during 1922 until that year had ended. Similar contention was made in the case of Constantin Refining Co. v. Day, supra, and overruled by the Supreme Court of Louisiana. I think the reasons for the decisions there are equally applicable here, and that this contention of respondent must likewise be overruled.