**506**

### SIMMS OIL CO. v. DAY, Sheriff, etc. *

Circuit Court of Appeals, Fifth Circuit.
March 23, 1929.

· Rehearing Denied April 13, 1929.

No. 5389.

Albert P. Garland, of Shreveport, La., for appellant.

Harry P. Sneed, of New Orleans, La. (A. J. Thomas, of Baton Rouge, La., on the brief), for appellee.

Before BRYAN and FOSTER, Circuit Judges, and GRUBB, District Judge.

BRYAN, Circuit Judge. The Simms Oil Company, a Texas corporation, appeals from a decree against it for taxes assessed by the state of Louisiana on its tank cars operated over railroads in Louisiana for the years 1922, 1923, 1924, and 1925. An assessment for 1922 was originally made on the theory that appellant had established a Louisiana

*Certiorari denied, 49 S. Ct. 514, 73 L. Ed. —.

domicile and was liable for local, municipal, and parish taxes, under section 5 of Act No. 9 of 1917 (Ex. Sess.).

Appellant resisted payment of local taxes on the ground that it did not have a Louisiana domicile, and therefore was entitled to be taxed under section 16 of article 10 of the Constitution of Louisiana of 1921, which reads as follows: "Rolling stock operated in this state, the owners of which have no domicile therein, shall be assessed by the Louisiana tax commission, and shall be taxed for state purposes only, at a rate not to exceed forty mills on the dollar of assessed value."

Appellant's contention was upheld by this court in an opinion rendered June 3, 1925. Simms Oil Co. v. Wolfe, 6 F.(2d) 504. After the rendition of that decision, the Louisiana tax commission made supplemental assessments for 1922 and for the other years here involved, under section 5 of Act 109 of 1921 (Ex. Sess.), which imposed an annual tax of 25 mills on all rolling stock "of nonresident persons, firms, partnerships, companies, associations or corporations, having no domicile in the state of Louisiana." The Louisiana tax commission arrived at the number of appellant's tank cars in the state during the year for which the tax was levied by taking the number of such cars that were in the state during the preceding year, as shown by appellant's records. This was done because taxes for any particular year were assessed during that year, when it was impossible to determine the total number of cars that would be in the State during the taxable year. Appellant had more tank cars in Louisiana in 1921 than in 1922, but during the trial admitted that the quantum of the assessment for 1922 was not contested within the time required by law.

During the years here involved approximately 60 other corporations owned rolling stock which was operated over railroads in Louisiana, and none of them had done more to establish a domicile therein than had appellant. Each of them had principal establishments for doing business, and had designated agents upon whom civil process could be served in the same manner as had appellant. These corporations paid taxes upon assessments for local and special municipal and parish taxes, and did not insist upon being taxed as owners of rolling stock that had no domicile in Louisiana.

It does not appear what rate was paid by any of these other corporations during the years 1922 and 1923. During 1924 15 of them, and during 1925 20 of them, designated agents for the service of civil process at the

village of Zachary, in East Baton Rouge parish, at which they were assessed and paid local taxes of 9.9 mills in 1924, and of 9.2 mills in 1925. It appears that the remaining 40 or 45 other corporations, having a status similar to that of appellant during 1924 and 1925, had principal establishments for doing business and had designated agents for civil process at various places other than Zachary, but the millage upon which any of them was assessed was not disclosed by the evidence.

■ Appellant concedes that its rolling stock was subject to taxation under article 10, § 16, of the Louisiana Constitution adopted in 1921. It successfully resisted the payment of local taxes in 1922, because of this constitutional provision. Simms Oil Co. v. Wolfe, supra. It is now argued, however, that section 5 of Act 109 of 1921 (Ex. Sess.) was ineffective, because it did not adopt the constitutional definition of domicile, but was intended only to tax the rolling stock of owners who had designated agents for the service of civil process. We think this argument fails, in view of a ruling by the Supreme Court of the United States in General American Tank Car Corp. v. Day, 270 U. S. 367, 46 S. Ct. 234, 70 L. Ed. 635, that the effect of the act was to subject the rolling stock within Louisiana to state taxation.

Appellant's principal contention is that it is discriminated against in the enforcement of the act by the Louisiana tax commission, in that other owners without a domicile in Louisiana are permitted to pay local taxes, instead of the 25-mill tax imposed upon the rolling stock of owners who have no domicile in Louisiana. In this connection it was shown that during two of the four years involved local taxes at a single place were based upon a millage considerably less than the millage assessed against appellant's property.

The same contention was made in Union Tank Car Corp. v. Day, 156 La. 1071, 101 So. 581, decided in 1924, but it was there stated to be a fact that the average rate of local taxation on tank cars was approximately 25 mills. That case was cited by the Supreme Court in General American Tank Car Corp. v. Day, supra, and it was held that the method adopted was not necessarily discriminatory. There was no attempt in this case to show that the average rate of local taxation throughout the state was appreciably less than the rate imposed on nonresident owners without domicile. The evidence in this case does not show any attempt at discrimination against appellant. So far as appears, the other corporations having the same status as appellant submitted to local taxation, where-

as appellant did not. If appellant has not in fact been required to pay taxes at a higher than the average rate, it has no cause to complain of the method adopted by the tax commission, although that method could not be legally enforced.

■ The supplemental assessment for 1922 is separately objected to on the ground that it was excessive. The usual practice of basing the assessment for a taxable year upon the number of tank cars in the state during the preceding year was not assailed, and has been held by the Supreme Court of Louisiana to be reasonable, because necessary. Constantin Refining Co. v. Day, 147 La. 623, 85 So. 613. But it is argued that it was unnecessary to base this particular assessment on the number of cars operated over railroads in the state during the preceding year of 1921, because the supplemental assessment was made in 1925, and the number of cars subject to assessment in 1922 was known accurately to the tax commission. We are of opinion that this question cannot now be considered, for the reason that appellant admitted during the trial that it had not contested the assessment for that year during the time required by law.

Reversible error is not made to appear by any of the assignments, and the judgment is affirmed.