**LASKER BOILER AND ENGINEERING CORPORATION, an Illinois Corporation, Plaintiff,**

v.

**Phillip HAMM, as Commissioner of Revenue of the State of Alabama, and his successors in said office, Defendant.**

**Civ. A. No. 1906–N.**

United States District Court
M. D. Alabama, N. D.
April 5, 1963.

Forest D. Herrington, of Bell, Morring, Richardson & Cleary, Huntsville, Ala., and Joseph W. Grady, of Brooks & Grady, Chicago, Ill., for plaintiff.

Richmond M. Flowers, Atty. Gen., Willard W. Livingston, Counsel, Department of Revenue, and Asst. Atty. Gen., Charles P. Miller, Asst. Counsel, Department of Revenue, and Asst. Atty. Gen., State of Alabama, Montgomery, Ala., for defendant.

JOHNSON, District Judge.

This cause is now submitted upon the motion of the defendant Commissioner of Revenue of the State of Alabama, filed herein on March 26, 1963, by and through the Attorney General of the State of Alabama, wherein said defendant seeks to have this Court dismiss this proceeding. The grounds which the defendant assigns in support of his motion to dismiss are, first, that this Court lacks jurisdiction; second, that the complaint fails to state a claim upon which relief can be granted; and, third, that the issues tendered by the complaint are res judicata in that the Circuit Court of Montgomery County, Alabama, on the 2nd day of January, 1963, sustained a plea in abatement as filed by this defendant to an appeal from an assessment of tax involved in this case, which appeal was, according to the order of said Circuit Court, not timely filed.

The plaintiff corporation, with its principal place of business and its home office in the State of Illinois, seeks to have this Court enjoin the Commissioner of Revenue of the State of Alabama from the enforcement by said Commissioner of a final assessment of use tax in the amount of $14,130. It appears from said complaint that the assessment of this tax is based upon a sale from this plaintiff to the United States of America. Plaintiff contends that the assessment, enforcement and collection of such a use tax violated the sovereign immunity of the United States and subjects plaintiff, as an official agency of the United States Government, to state tax action without authority therefor. Plaintiff says that such assessment, enforcement and collection of taxes is unconstitutional.

 The contention on the part of the defendant that this Court lacks jurisdiction in this matter is wholly and completely without merit. Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407. Likewise, the contention on the part of the defendant that the issues raised by the complaint are res judicata is wholly without merit. As to this point, it affirmatively appears that the only matter presented to the Circuit Court of Montgomery County, Alabama, was whether or not this plaintiff had timely filed its appeal as authorized and provided by

the Legislature of the State of Alabama in Title 51, § 140, Code of Alabama, Recompiled 1958. The Circuit Court of Montgomery County, in the case of Lasker Boiler & Engineering Corporation, etc., v. State of Alabama, on January 2, 1963, sustained the plea in abatement by holding that said appeal on the part of Lasker Boiler & Engineering Corporation was not timely filed. There was no appeal taken by this plaintiff from said decree of the Circuit Court of Montgomery County, Alabama, to the Alabama appellate courts. Thus, the only adjudication made in that case by the Circuit Court of Montgomery County, Alabama, was upon said plea in abatement to the timeliness of said appeal; it was not upon the merits; it was not upon any of the issues plaintiff now seeks to raise in this case. Without prior adjudication by some court of competent jurisdiction, there can be no plea of res judicata.

▆▆ The other contention raised by the defendant in this case, that is, that the complaint fails to state a claim against this defendant upon which relief can be granted, is well taken. The exercise of the jurisdiction of this Court in instances such as this where the party initiating the proceeding seeks an injunction to sustain or restrain the assessment or collection of a state tax is restricted by congressional enactment codified in § 1341, Title 28 of the United States Code:

> "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

It appears, therefore, that the only appropriate inquiry that should be made in the preliminary stages of a suit to restrain the assessment or collection of a state tax is whether in such instances the state law provides a "plain, speedy and efficient remedy" in the state courts. The State of Alabama provides such a "plain, speedy and efficient remedy." Section 140, Title 51, Code of Alabama, Recompiled 1958. This legislative enactment specifically authorizes any taxpayer to appeal from any final assessment made by the Alabama Department of Revenue. Said appeal is to be made to the Circuit Court of Montgomery County, Alabama, "within thirty days after such assessment is made final." This enactment further authorizes the taxpayer against whom the assessment is made to file a supersedeas bond, in which event no taxes are actually paid until a final adjudication of the matter. Failure on the part of this taxpayer—assuming the action of the Circuit Court was correct in holding that the appeal was not timely filed—to avail itself of this State remedy does not mean that the State of Alabama has no "plain, speedy and efficient remedy" in such instances. Thus, the extraordinary relief which this plaintiff seeks to have this Court grant by way of injunction is to be refused. In addition to the case of Great Lakes Dredge & Dock Co. v. Huffman, supra, see Matthews v. Rodgers, 284 U.S. 521, 52 S.Ct. 217, 76 L.Ed. 447.

For the foregoing reasons and for good cause, it is the ORDER JUDGMENT and DECREE of this Court that the motion of the defendant as Commissioner of Revenue of the State of Alabama, filed herein on March 26, 1963, by and through the Attorney General of the State of Alabama, be and the same is hereby granted.

It is the further ORDER, JUDGMENT and DECREE of this Court that this cause be and the same is hereby dismissed, with costs taxed against the plaintiff, for which execution may issue.