

Attys., Dept. of Justice, Washington, D. C., for respondent.

Before RIVES, WISDOM, and GEWIN, Circuit Judges.

PER CURIAM.

■■ The taxpayers conveyed to a contractor forty lots from a subdivided tract of land, under a contract for the improvement of the tract, and as compensation for making the improvement. The Tax Court properly held that this conveyance of property in payment for services rendered constituted a taxable disposition of property, and resulted in the realization of gain in the amount determined by the Commissioner. The Tax Court found that the forty lots in question were held primarily for sale to customers in the ordinary course of business and that the taxable gain from the conveyance of the lots was ordinary income. The evidence fully supports this finding. We see nothing that we can add to the opinion of the Tax Court. (37 T.C. 932).

The judgment is affirmed.

James O. Brooks, Joseph W. Grady, Chicago, Ill., Carl A. Morring, Jr., Forest D. Herrington, Huntsville, Ala., for appellant; Brooks & Grady, Chicago, Ill., Bell, Morring, Richardson & Cleary, Huntsville, Ala., of counsel.

Richmond M. Flowers, Atty. Gen., of Alabama, Willard W. Livingston, Counsel, Dept. of Revenue, Charles P. Miller, Asst. Counsel, Dept. of Revenue, Montgomery, Ala., for appellee.

Before CAMERON, WISDOM, and GEWIN, Circuit Judges.

**LASKER BOILER AND ENGINEERING CORPORATION, Appellant,**

v.

**Phillip HAMM, as Commissioner of Revenue of the State of Alabama, and his successors in said office, Appellee.**

No. 20600.

United States Court of Appeals
Fifth Circuit.

Feb. 17, 1964.

PER CURIAM.

The plaintiff corporation seeks to enjoin the Alabama Commissioner of Revenue from collecting the assessment of a certain State use tax. Alabama gives a taxpayer the right to appeal an assessment to the Circuit Court of Montgomery County within thirty days of the assessment. Section 140, Title 51, Code of Alabama (1958). The taxpayer appealed on the thirty-first day. The Circuit Court held that the appeal was not timely filed, sustained the State's plea of abatement, and dismissed the taxpayer's appeal. See Dowda v. State, 1962, 274 Ala. 124, 145 So.2d 830. The taxpayer

**430**

has not appealed from that judgment. Instead, the taxpayer filed a *de novo* proceeding in the district court attacking the validity of the assessment.

We agree with the judgment of the district court, 216 F.Supp. 74. The State of Alabama provided "a plain, speedy, and efficient remedy" within the meaning of 28 U.S.C.A. § 1341. The district court very properly refused to issue an injunction against the State Commissioner of Revenue. Great Lakes Dredge and Dock Co. v. Huffman, 1943, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407.

The judgment is affirmed.

**Robert J. GEORGE, Individually and for the Use and Benefit of his minor children, Robert J. George, Jr., Louis Sanford George, II and Janice Marie George, Appellants,**

v.

**PHOENIX ASSURANCE COMPANY, Appellee.**

**No. 20778.**

United States Court of Appeals
Fifth Circuit.

Feb. 17, 1964.

Rehearing Denied March 24, 1964.

Arthur Cobb, Baton Rouge, La., for appellants.

G. T. Owen, Jr., Baton Rouge, La., Borron, Owen, Borron & Delahaye, Baton Rouge, La., of counsel, for appellee.

Before CAMERON, WISDOM, and GEWIN, Circuit Judges.

PER CURIAM.

This is a malpractice action against one of the defendant's insureds, a practicing physician in Baton Rouge, Louisiana. The plaintiff alleged that his wife died as a result of the insured's negligence and malpractice. At the close of the plaintiff's case, the district court dismissed the action, under Rule 41(b), for failure to show a right to relief. The district court found:

"Here the plaintiff has failed to prove by any evidence the degree or standard of care required of a physician in such a case as here involved, and has failed to prove by any evidence whatsoever that [the physician] either deviated from an accepted standard, or was in any way negligent in his treatment of Ora Lee George. This record, at the close of plaintiff's case, was completely void of any such evidence."

After a careful study of the record, including a number of depositions, we cannot say that the holding of the district court was clearly erroneous.

The judgment is affirmed.