Charles HENRY, Appellant,

v.

METROPOLITAN DADE COUNTY et al., Appellees.

No. 20894.

United States Court of Appeals
Fifth Circuit.

April 1, 1964.

———◆———

Leon L. Stoller, Miami, Fla., Albert B. Koorie, New Orleans, La., Montague Rosenberg, Miami Beach, Fla., for appellant.

Darrey A. Davis, County Atty., William W. Gibbs, Asst. County Atty., Joseph Gassen, Miami, Fla., and Joseph A. Wanick, City Atty., Miami Beach, Fla., for appellee City of Miami Beach.

Before CAMERON and BELL, Circuit Judges, and INGRAHAM, District Judge.

PER CURIAM.

Appellant instituted a suit in the United States District Court, Southern District of Florida, in November 1961, seeking to enjoin the collection of local ad valorem taxes levied against his property upon the ground that the assessment upon which such taxes were based was excessive. The suit was dismissed in compliance with 28 U.S.C. § 1341 (Johnson Act), which provides as follows:

> "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

Subsequently appellant filed a new suit in the Circuit Court of Dade County, Florida, seeking essentially the same relief. This suit was dismissed on the grounds that it was filed after the expiration of the sixty (60) day limitation period imposed by Section 192.21, Florida Statutes, F.S.A.* Thereafter appellant filed the pending suit for declaratory decree in the United States District Court in which he chronicled what had taken place and asked that he be granted the relief requested in the first case filed. It is from a dismissal of this suit for declaratory decree that the present appeal is taken.

The obligation of the federal court is clear from a reading of the Johnson Act. The existence of a remedy in the State court effectively ousts the federal court of jurisdiction, and the initial suit filed by appellant was properly dismissed. The expiration of time in which the state suit might have been brought does not result in the destruction of the plain and simple remedy principle specified in the Johnson Act. To hold otherwise would allow any disgruntled taxpayer to simply wait until the statute of limitations had run in the state courts and then bring suit in the federal court.

Appellant's further argument concerning the tolling of the sixty (60) day period by his filing suit in the federal court should have been advanced in the state litigation. The federal district court is not set up to review actions of the State courts. This suit for declaratory decree was properly dismissed.

The judgment is affirmed.

---

\* "[N]o assessment shall be held invalid unless suit be instituted within 60 days from the time the assessment shall become final."