James Carlton CHRISTIAN, Martha Corolla Christian, Beatrice Brenner, Barbara Fields, Jose Herrera, Marjorie Herrera, Edgar Meli, Helen Meli, Frances Ruane, and Bernice Wilson, Plaintiffs,

v.

UNITED STATES of America, Nicholas deB. Katzenbach, Attorney General of the United States of America, Douglas Dillon, Secretary of the Treasury of the United States of America, William S. Kenney, Richard E. Demars, O. T. McCusker, Truman S. Youngblood, W. C. Cantrell, William P. Bushmiare, James K. Smith, and Thomas Mennitt, Defendants.

Civ. No. 64-573.

United States District Court
S. D. Florida.

Nov. 9, 1964.

J. Edward Worton, Miami, Fla., for plaintiffs.

William A. Meadows, Jr., U. S. Atty., for the Southern Dist. of Florida, Miami, Fla., for the Government.

DYER, Chief Judge.

The Plaintiffs seek a three-Judge Court to enjoin the Defendants from testifying or producing evidence in a case now pending in the Criminal Court of Record in and for Dade County, Florida, filed by the State Attorney of the Eleventh Judicial Circuit of Florida, entitled the State of Florida against these Plaintiffs (Defendants in that cause)' upon a five-count Information alleging violations of the lottery laws of Florida.

The Complaint herein attempts to allege a concerted scheme, device or subterfuge of the Plaintiffs to indirectly prosecute or enforce in the State Criminal Court, Title 26 U.S.C.A. §§ 4401 and 4411, which the Plaintiffs say is an abuse of delegated authority, as contained in Section 5 of Executive Order 6166, dated June 10, 1933, and a denial of due process and equal protection of the laws.

It appears from the Complaint that the Plaintiff, JAMES CARLTON CHRISTIAN, was engaged in the business of accepting wagers within the meaning of Title 26, §§ 4401 and 4411, and, while the holder of a validly issued wagering tax stamp and having declared and paid the excise tax upon the gross amount of wagers accepted by him, was arrested and property belonging to him and certain other of the Plaintiffs was allegedly unlawfully seized, resulting in a libel proceeding being instituted for the forfeiture thereof.

All of the other Plaintiffs are said to have been clerical employees of CHRISTIAN, and except for Plaintiff, MARTHA COROLLA CHRISTIAN, were also arrested by Special Agents of the Internal Revenue Service upon Complaints charging violations of Title 26 U.S.C.A. §§ 7262, 4411, 4412 and 4901 (a).

Subsequently all of the Complaints were dismissed by the United States Commissioner at the request of the Department of Justice because of insufficient evidence for successful prosecution of a criminal case. The libel proceedings are all still pending.

It is further alleged that the Defendants made affidavits in the State Criminal Court concerning their activities, culminating in the arrests and seizures of

property of the Plaintiffs, which resulted in the execution by the State Attorney of the Information aforesaid, and thereupon Plaintiffs were arrested and are being held to answer in the State Criminal Court for the violations charged in the Information; that the only witnesses against the Plaintiffs in the State Court proceedings will be the Defendants acting as the agents, servants or employees of the United States.

What the Complaint says—and all that it says—is that certain employees of the United States have made available to the State prosecuting authorities, affidavits which the latter have determined to be a sufficient basis for the prosecution of the Plaintiffs herein by way of Information in the State Criminal Court.

■ This decision was made (as alleged in the Complaint) by the State Attorney, not by the Defendants, and the prayer that the Defendants should be enjoined from testifying in the State trial to the facts contained in their affidavits, and that the documentary evidence held by them should not be made available (subject to proper objections in the State Court proceedings), is not only devoid of any merit; but clearly shows a lack of jurisdiction of this Court to entertain the Complaint.

■ No more than a cursory examination of the Executive Order in question conclusively establishes that it was promulgated to administratively authorize the Department of Justice as the sole agency for the prosecution of crimes within the Federal Government and that is all.

While there are loose allegations in the Complaint that there has been an attempt by the Defendants to "indirectly prosecute" and "by means of a subterfuge" enforce the Federal laws in the State Court, and thus invade "the police power reserved to the State of Florida," nevertheless, it is explicitly stated that the Information was executed by the State Attorney for the alleged violation of State laws.

■ It would seem abundantly clear that those engaged in law enforcement activities in behalf of the Federal Government should make available to State prosecutors such evidence as may lawfully come into the former's possession. Which authority—state or federal—initiates the prosecution is not for the accused to decide. It can hardly be seriously argued that this is a deprivation of any constitutional right of the Plaintiffs.

■ A district judge to whom such a Complaint as this is presented must first make a determination, before requesting the Circuit Chief Judge to convene a three-Judge Court, whether the relief sought could be granted. If it could, it is the duty of the District Judge to request the convening of a three-Judge Court; but if it is apparent that the Plaintiffs seek relief to which they are not entitled, the District Judge need go no further. Powell v. Workmen's Compensation Board of State of New York, 214 F.Supp. 283 (D.C.N.Y.) 1963; Bunce v. Williams, 159 F.Supp. 325 (D.C.Mich.) 1958; and Farr v. O'Keefe, 27 F.Supp. 216 (D.C.Miss.) 1939.

■ From the allegations of the Complaint, it affirmatively appears that there is no substantial Federal question to be tried, and that this Court lacks jurisdiction of this action. Title 28 U.S.C.A. § 2284, was intended to regulate procedure after a court of three judges was constituted and was not intended to abrogate the rule that the Judge before whom the action was brought may dismiss the action, if the Complaint does not state a case within the jurisdiction of the District Court. Eastern States Petroleum Corp. v. Rogers, 280 F.2d 611 (C.A.D.C.) 1960, cert. den. 364 U.S. 891, 81 S.Ct. 222, 5 L.Ed.2d 187.

The United States Attorney may forthwith submit an Order dismissing this cause.