Victor **BUSSIE**, and his wife Gertrude Foley Bussie
and
Robert L. Johnston, and his wife Ellen Frith Johnston
v.
Mrs. Blanche Revere **LONG**, Mrs. Wilma Lockhart, and Leo J. Theriot, members of, and the Louisiana Tax Commission.
Civ. A. No. 3345.

United States District Court
E. D. Louisiana,
Baton Rouge Division.
June 2, 1966.

Ralph N. Jackson, New Orleans, La., for plaintiffs.

Jack P. F. Gremillion, Atty. Gen. of Louisiana, Thomas W. McFerrin, Asst. Atty. Gen. of Louisiana, Baton Rouge, La., for defendants.

WEST, District Judge.

Plaintiffs bring this suit as a class action, allegedly representing themselves, individually, as property taxpayers of the State of Louisiana, and all other persons in the State of Louisiana similarly situated. Made defendants in the suit are the Louisiana Tax Commission and the individual members thereof.

Plaintiffs allege (1) that under Louisiana law the Louisiana Tax Commission is required to establish actual cash values of all property in Louisiana for the purpose of assessment, and to equalize assessments by fixing the percentage of the actual cash valuation upon which State taxes are to be collected; (2) that the Louisiana Tax Commission fails to abide by the clear language of these laws, and instead allows the parish tax assessors to assess property in their respective parishes at various arbitrarily fixed amounts having no real, consistent or reasonable relationship to actual cash value; (3) that as a result thereof assessments and taxes collected on real and personal property in Louisiana are entirely unequal and lacking in uniformity as between taxpayers in the State and between taxpayers within the same parish; (4) that as a further result, they, the plaintiffs, are being assessed at a higher percentage of actual cash value for ad valorem tax purposes than are the owners of similar property in other parishes in the State and that consequently they are required to pay a higher effective tax rate on their property than are the owners of other similar property; (5) that the defendants, the Louisiana Tax Commission and the members thereof, fail to carry out their statutory duty to fix and determine the percentage of actual cash value upon which State ad valorem taxes are to be collected and paid, and instead arbitrarily and unreasonably cause taxes to be collected on 100% of all of the said wrongful and discriminatory assessments; (6) that these actions on the part of defendants "constitute illegal, arbitrary, capricious, unreasonable and confiscatory state governmental action in violation of plaintiffs' rights under the

Fourteenth Amendment to the Constitution of the United States in that it denies them property without due process of law and denies them the equal protection of the laws"; and (7) that this Court has jurisdiction over this case under the equal protection and due process clauses of the Fourteenth Amendment to the Constitution of the United States and by virtue of Titles 28 U.S.C.A. § 1343 and 42 U.S.C.A. § 1983, and that "no adequate, plain, speedy and efficient remedy against deprivation of plaintiffs' constitutional rights as herein set forth can be had in the courts of the State of Louisiana or under the laws of Louisiana." Plaintiffs demand that this matter be heard by a three-judge court in accordance with Title 28 U.S.C.A. § 2281 et seq., and that "the Louisiana Tax Commission, its members, agents, employees, and all persons acting under or by its authority, or under its supervision, be ordered and directed to determine the actual cash value of all property in Louisiana for ad valorem tax purposes and to so assess said property, to fix the percentage of the actual cash value upon which the State ad valorem taxes must be collected and paid, and to carry out all other duties imposed upon the said Commission by the law of Louisiana requiring the said Commission to equalize assessments and taxes, and that the Commission be restrained, prohibited and enjoined from signing and approving any tax rolls or assessments which fail to assess properties thereon at actual cash value, and to cease and desist from cooperating and participating with Parish assessors or others in any system of tax assessment and collection that fails to meet the standards of administrative and substantive equality set forth by the constitution and laws of Louisiana and guaranteed by the Fourteenth Amendment to the Constitution of the United States of America."

In defense of this claim, defendants have filed a motion to dismiss for failure to state a claim upon which relief can be granted based upon the following grounds: (1) plaintiffs admit and affirmatively state in their pleadings that the Louisiana constitutional provisions and statutes pertaining to assessment and collection of taxes are constitutional and merely seek to have the defendants ordered to perform their duty under those constitutional provisions and statutes and that since they are not seeking to have the Court enjoin the enforcement of a State statute on the grounds that it is unconstitutional, they are thus not entitled to have this case submitted to a three-judge federal court; (2) plaintiffs have not presented a federal question, since adequate remedies are available in the State courts of Louisiana; and (3) that the jurisdictional amount is not here involved such as to give this Court jurisdiction.

The first question to be resolved is whether or not defendants' motion to dismiss may be considered by this Court, composed as it is now of only one judge, or whether it is necessary, as plaintiffs contend, that a three-judge court be convened before that motion can be considered. Plaintiffs contend that Title 28 U.S.C.A. § 2284(5) prohibits a single judge from dismissing the action in a case where a three-judge court has been demanded. But such is not the law. That part of Section 2284(5) which prohibits a single judge from dismissing the suit only comes into play *after* a three-judge court has been convened. It does not prohibit the district judge to whom the application for injunctive or other relief is presented from dismissing the suit, if good cause therefor is shown, *before* the three-judge court is convened. California Water Service Company v. City of Redding, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323 (1938); Flamm v. Hughes, 329 F.2d 378 (CA 2, 1964); Lion Manufacturing Corp. v. Kennedy, 117 U.S.App.D.C. 367, 330 F.2d 833 (1964); Jacobs v. Tawes, 250 F.2d 611 (CA 4, 1957); Eastern States Petroleum Corp. v. Rogers, 105 U.S.App.D.C. 219, 265 F.2d 593 (1959), mandamus denied Eastern States Petroleum Corp. v. Prettyman, 361 U.S. 805, 80 S.Ct. 93, 4 L.Ed.2d 56; Haines v. Castle, 226 F.2d 591 (CA

7, 1955), cert. den. 350 U.S. 1014, 76 S.Ct. 660, 100 L.Ed. 874; White v. Gates, 102 U.S.App.D.C. 346, 253 F.2d 868 (1958), cert. den. 356 U.S. 973, 78 S.Ct. 1136, 2 L.Ed.2d 1147; Bell v. Waterfront Commission of New York Harbor, 279 F.2d 853 (CA 2, 1960); Eastern States Petroleum Corp. v. Rogers, 108 U.S.App.D.C. 63, 280 F.2d 611 (1960); Fiumara v. Texaco, Inc., 240 F.Supp. 325 (E.D.Penn., 1965); Morrison v. State of California, 238 F.Supp. 22 (S.D.Cal., 1964); Christian v. United States, 235 F.Supp. 382 (S.D.Fla., 1964).

■ It would be nothing more than an exercise in futility, to say nothing of a waste of judicial time, for this Court to invoke the convening of a three-judge court if the record in the case is clear on its face that the federal court, whether composed of one judge or three, could not, under the law, grant to the plaintffs the relief sought. But there is even another reason why a three-judge court should not be convened to hear this matter, even on its merits. The law is well settled that cases of this nature simply do not fall within the category of cases contemplated by Title 28 U.S.C.A. § 2281. Thus, in Ex parte Williams, Tax Commissioner, 277 U.S. 267, 48 S.Ct. 523, 72 L.Ed. 877 (1928), where the United States Supreme Court had before it a case wherein the plaintiff demanded a three-judge court to enjoin the collection of state taxes on the ground that the equality clause of the Fourteenth Amendment had been violated in making the assessments, the Court said:

"A case does not fall within Section 266 [now 28 U.S.C.A. § 2281], unless a statute or an order of an administrative board or commission is challenged as contrary to the Federal Constitution. Oklahoma [Natural] Gas Co.[mpany] v. Russell, 261 U.S. 290, 43 S.Ct. 353, 67 L.Ed. 659; Ex parte Buder, 271 U.S. 461, 465, 46 S.Ct. 557, 70 L.Ed. 1036. Here, there was no question as to the validity of the taxing statute. It was the assessment which the railroad challenged. And an assessment is not an order made by an administrative board or commission, within the meaning of that section. The function of an assessing board is not that of issuing orders. Its function is informational."

And later, in Ex parte Bransford, County Treasurer of Pima County, Arizona, etc., 310 U.S. 354, 60 S.Ct. 947, 84 L.Ed. 1249 (1940), the United States Supreme Court, in again holding that a three-judge court is not required in a suit challenging the validity of allegedly discriminatory property assessments said:

"The validity of the statute itself is not involved. Variations by assessors in valuations of like property, taxable under the same statute, sufficiently marked to be discriminatory under the Constitution or valuations so large as to be confiscatory cannot properly be said to be the basis for attack on the ground of the unconstitutionality of the statute. Such assessments, if made and if invalid, are so because of a wrong done by [the] officers under the statute rather than because of the requirement of the statute itself."

■ The teaching of these cases has been followed by the Fifth Circuit Court of Appeals in McGuire v. Sadler, 337 F.2d 902 (1964), and by the First Circuit Court of Appeals in Benoit v. Gardner, 351 F.2d 846 (1965). Section 2281 should be narrowly and strictly construed and only those cases which clearly fall in one of the classes therein described should be referred to a three-judge court. Phillips v. United States, 312 U.S. 246, 61 S.Ct. 480, 85 L.Ed. 800 (1941); Swift & Company v. Wickham, 382 U.S. 111, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965); Beal v. Holcombe, 193 F.2d 384 (CA 5, 1951), cert. den. 347 U.S. 974, 74 S.Ct. 783, 98 L.Ed. 1114.

■ Having decided that a three-judge court should not be convened in this case, the next question to be resolved, as presented by defendants' motion to dismiss, is whether or not the complaint filed herein states a claim upon which relief may be granted by this Court. That question must be answered in the

negative. Plaintiffs rely for their alleged substantive right of action on the Fourteenth Amendment to the United States Constitution and upon the provisions of 42 U.S.C.A. § 1983, and they assert that jurisdiction over such claims is conferred upon this Court by the provisions of Title 28 U.S.C.A. § 1343 which reads:

"The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

\*   \*   \*   \*   \*   \*

"(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States."

But the United States Supreme Court has held that a claim such as here asserted does not fall within the purview of the so-called civil rights statutes. In the case of Abernathy v. Carpenter, 208 F.Supp. 793 (W.D.Mo., 1962), affirmed by the United States Supreme Court, 373 U.S. 241, 83 S.Ct. 1295, 10 L.Ed.2d 409 (1963), the Court said:

"None of the many plaintiffs in this case at bar claim to belong to a class of persons which is legally immune from the Missouri income tax. The claim is simply that they are arbitrarily denied certain exemptions as a penalty for not duly filing their Missouri State Income Tax returns. This is not a circumstance within the purview of the 'civil rights' jurisdiction, as it is solely a property or monetary right and not a right of 'personal liberty,' as these terms are used by Mr. Justice Stone in the case of Hague v. C. I. O. [Hague v. C. I. O., 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423.]

"There being no jurisdiction under the 'civil rights' provisions, 28 U.S.C.A. § 1343, the sole possible remaining ground for federal jurisdiction is the 'federal question' provision, 28 U.S.C. A. § 1331. However, this statute requires, in addition to a federal question, an amount in controversy in excess of $10,000 \* \* \*."

See, also, Olan Mills, Inc. of Tennessee v. Opelika, Alabama, 207 F.Supp. 332 (M.D. Ala., 1962); Otto v. Somers, 332 F.2d 697 (CA 6, 1964), cert. den. 379 U.S. 1002, 85 S.Ct. 723, 13 L.Ed.2d 703; Gray v. Morgan, Commissioner, etc., 251 F. Supp. 316 (W.D.Wis., 1966). But even if federal jurisdiction did exist, there is a further bar to the relief sought here by plaintiffs. Title 28 U.S.C.A. § 1341 provides:

"The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

This restriction upon the power of the district courts has been interpreted many times. In Matthews v. Rodgers, 284 U.S. 521, 52 S.Ct. 217, 76 L.Ed. 447 (1932), the United States Supreme Court said:

"The scrupulous regard for the rightful independence of state governments which should at all times actuate the federal courts, and a proper reluctance to interfere by injunction with the fiscal operations, require that such relief should be denied in every case where the asserted federal right may be preserved without it. Whenever the question has been presented, this Court has uniformly held that the mere illegality or unconstitutionality of a state or municipal tax is not in itself a ground for equitable relief in the courts of the United States. If the remedy at law is plain, adequate, and complete, the aggrieved party is left to that remedy in the state courts, from which the cause may be brought to this Court for review if any federal question be involved \* \* \*."

And again in Great Lakes Dredge & Dock Company v. Huffman, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943), the United States Supreme Court said:

"This Court has recognized that the federal courts, in the exercise of the

sound discretion which has traditionally guided courts of equity in granting or withholding the extraordinary relief which they may afford, will not ordinarily restrain state officers from collecting state taxes where state law affords an adequate remedy to the taxpayer. * * *

"Congress recognized and gave sanction to this practice of federal equity courts by the Act of August 21, 1937, 50 Stat. 738, enacted as an amendment to Section 24 of the Judicial Code, 28 U.S.C. § 41(1), 28 U.S.C.A. § 41(1)."

In Carson v. City of Fort Lauderdale, 293 F.2d 337 (CA 5, 1961), where the plaintiff sought to enjoin the levying of an assessment upon property owners for sewerage service, the Fifth Circuit Court of Appeals, in dismissing the suit, said:

"Congress has prohibited Federal Courts from taking jurisdiction in such cases as this.

*     *     *     *     *     *

"Federal Courts are always reluctant to interfere by injunction with the fiscal affairs of the state and it is accepted practice to relinquish their jurisdiction in favor of the state courts in respect to such matters, if the Federal rights of the plaintiffs can be there preserved without impairment. Federal Courts also abstain from interfering with the states' fiscal affairs where the state remedy at law is plain, adequate and complete."

And again in Henry v. Metropolitan Dade County, 329 F.2d 780 (CA 5, 1964), where the plaintiff sought to enjoin the collection of ad valorem taxes on the ground that the assessment upon which the taxes were based was excessive, the Fifth Circuit Court of Appeals said:

"The obligation of the federal court is clear from a reading of the Johnson Act [28 U.S.C. § 1341]. The existence of a remedy in the State court effectively ousts the federal court of jurisdiction, and the initial suit filed by appellant was properly dismissed."

See, also, City of Houston v. Standard-Triumph Motor Company, 347 F.2d 194 (CA 5, 1965); Lasker Boiler and Engineering Corp. v. Hamm, 328 F.2d 429 (CA 5, 1964); Miller v. City of Greenville, Miss., 138 F.2d 712 (CA8, 1943); Helmsley v. City of Detroit, Mich., 320 F.2d 476 (CA 6, 1963); Gray v. Morgan, Commissioner, etc., supra.

It is thus quite apparent that the relief sought by the plaintiffs in this suit cannot be granted by this Court if there exists a "plain, speedy and efficient remedy" in the courts of the State of Louisiana. A look at the constitutional and statutory provisions of Louisiana law pertaining to ad valorem taxes will clearly show that such relief is available in the courts of the State of Louisiana. Article 10, Section 1 of the Louisiana Constitution provides, in part, that all taxes shall be uniform upon the same class of property throughout the State; that no property shall be assessed for more than its actual cash value; and that all taxpayers shall have the right of testing the correctness of their assessments before the courts of the State. Article 10, Section 12 of the Louisiana Constitution provides that all real estate shall be valued at actual cash value and so listed on the assessment rolls. LSA–R.S. 47:-1931 provides that after property is assessed by the assessor all assessments must be reviewed by a Board of Review in each parish. LSA–R.S. 47:1988 requires that the value of all taxable property in the State shall be equalized by the Tax Commission, and LSA–R.S. 47:-1989 provides for a review of all assessments by the Tax Commission, which Commission, by the provisions of LSA–R.S. 47:1990, has the power and duty to correct or change any and all assessments in order to make the assessments conform to the true and correct valuation of the property. LSA–R.S. 47:1992 makes detailed provisions for the taxpayer to file objections to the assessment of property as approved by the Tax Commission, whereupon the Board of Review must hold a hearing thereon. If, after that, the taxpayer is still dissatisfied with his assessment, he may, in accordance with LSA–R.S. 47:1998 obtain a judicial re-

view thereof. While this section provides for suits by taxpayers protesting the action of the Tax Commission (defendants herein), it also provides for certain prerequisites to filing such a suit. For example, it provides that the complaining taxpayer shall have until the first day of November following the alleged discrimination appealed from to resort to the district court, after which they shall not have such right. It further provides that any taxpayer who wishes to bring such a suit must file a sworn list or return of his property for taxation on or before the first day of April of any year, and that such a suit shall not be instituted before the assessment rolls are filed in the clerk of court's office nor later than thirty days following the date the rolls are filed. It further provides that all such suits relating to property taxes shall be heard without delay, in chambers if necessary, without costs to the reviewers or the assessors. LSA–R.S. 47:2000 then provides that if a person owns property in more than one parish he may bring suits in each parish where his property is located, or he may bring only one suit in any parish in which he owns property, or any such suit may be brought in the district court for the Parish of East Baton Rouge, Louisiana, where the Tax Commission is domiciled.

That the judicial review sought by plaintiffs herein is available to them in the State courts of Louisiana is apparent from the case of Dixon v. Flournoy, 247 La. 1067, 176 So.2d 138 (1965). In that case a class action was brought, as has been brought in the present case, seeking to recover taxes which the plaintiffs claimed were paid pursuant to discriminatory assessments, and also seeking a judgment declaring all property assessments and ad valorem taxes in Louisiana to be unconstitutional, null and void because of discrimination caused by nonuniform assessments. They alleged that the assessments varied throughout the sixty-four parishes in Louisiana from less than ten per cent of actual cash value to as high as forty-two per cent of actual cash value. While the Louisiana Supreme Court affirmed the lower court in dismissing the suit for procedural deficiencies, it did, nevertheless, in express language recognize the right of the taxpayer to bring such a suit in the State courts, subject, of course, to the requirements contained in the statute itself. In its opinion the Court said:

"The statutes relied on are R.S. 47:-1957, 1988, and 1989. R.S. 47:1957 provides that all taxable property in the state shall be assessed by the Louisiana Tax Commission, that the property shall be listed and assessed at actual cash value, and that the actual cash value of all property fixed by the tax commission shall be the actual cash value for all purposes. R.S. 47:1988 makes it the mandatory duty of the tax commission to equalize the value of all taxable property. R.S. 47:1989 provides that the value of all taxable property in the state shall be fixed by the tax commission.

"Cases are cited for the proposition that the systematic irregularity of the assessment of property of the same class is an unconstitutional discrimination against one who is compelled by such a system to pay more than his fair share of aggregate tax, and also for the proposition that the courts have recognized that a statute though fair on its face may be rendered unconstitutional by the manner in which it is administered.

"The principles of law relied upon by the plaintiffs are well recognized; but before one can file such a suit relying on these principles, he must first comply with certain conditions required by our law. * * *

"Plaintiffs' suit alleging the unconstitutionality of the tax as applied to them and all other persons in Caddo Parish similarly situated has for its basis allegations of the fact that the properties in Caddo Parish are being assessed at a higher percentage of actual value for the statewide ad valorem tax than are those of the owners of similar properties in the other 63 parishes. They say that the assessment

of their property in this way constitutes discrimination as to them, that the Louisiana Tax Commission has not discharged its duty imposed by law to equalize property assessments, that this failure to perform that duty constitutes purposeful discrimination which results in systematic lack of equality in payment of taxes, and that because of these facts they are required to pay a higher tax on their property than the owners of similar property in any of the other parishes of Louisiana. * * *

"Since plaintiffs in the instant case have failed to comply with the conditions prescribed for the exercise of their right, that is, have failed to file the sworn list or return of their property and have failed to institute their suit within the time specified, the judgment of the district court maintaining the exception and dismissing their suit was correct."

■ The fact that the State prescribes certain requirements to be met before a suit may be filed or sets a time limit in which suits must be filed does not mean that the State fails to meet the "plain, speedy and efficient remedy" test of 28 U.S.C.A. § 1341. In Henry v. Metropolitan Dade County, supra, the Fifth Circuit Court of Appeals said:

"The obligation of the federal court is clear from a reading of the Johnson Act. The existence of a remedy in the State court effectively ousts the federal court of jurisdiction, and the initial suit filed by appellant was properly dismissed. The expiration of time in which the state suit might have been brought does not result in the destruction of the plain and simple remedy principle specified in the Johnson Act. To hold otherwise would allow any disgruntled taxpayer to simply wait until the statute of limitations had run in the state courts and then bring suit in the federal court.

"Appellant's further argument concerning the tolling of the sixty (60) day period by his filing suit in the federal court should have been advanced in the state litigation. The federal district court is not set up to review actions of the State courts. This suit for declaratory decree was properly dismissed."

And again in Lasker Boiler and Engineering Corp. v. Hamm, supra, the same Court said:

"The plaintiff corporation seeks to enjoin the Alabama Commissioner of Revenue from collecting the assessment of a certain State use tax. Alabama gives a taxpayer the right to appeal an assessment to the Circuit Court of Montgomery County within thirty days of the assessment. Section 140, Title 51, Code of Alabama (1958). The taxpayer appealed on the thirty-first day. The Circuit Court held that the appeal was not timely filed, sustained the State's plea of abatement, and dismissed the taxpayer's appeal. See Dowda v. State, 1962, 274 Ala. 124, 145 So.2d 830. The taxpayer has not appealed from that judgment. Instead, the taxpayer filed a de novo proceeding in the district court attacking the validity of the assessment.

"We agree with the judgment of the district court, 216 F.Supp. 74. The State of Alabama provided 'a plain, speedy, and efficient remedy' within the meaning of 28 U.S.C.A. § 1341. The district court very properly refused to issue an injunction against the State Commissioner of Revenue. Great Lakes Dredge and Dock Co. v. Huffman, 1943, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407."

See, also, St. Louis & S. W. Ry. Co. v. Nattin, 27 F.2d 766 (W.D.La., 1927), and Simms Oil Co. v. Day, 31 F.2d 506 (CA 5, 1929).

■ The plaintiffs in this case have made no effort to enforce their rights in the courts of the State of Louisiana, nor have they made any showing to this Court that a "plain, speedy and efficient remedy" may not be had in the courts of Louisiana. Until such a showing is made,

and in view of the relief available under the statutory law of the State of Louisiana, as recognized by the Supreme Court of Louisiana in the *Dixon* case, this Court is, pursuant to the provisions of 28 U.S.C.A. § 1341, without authority to grant the relief sought herein by plaintiffs, and thus the defendants' motion to dismiss for failure to state a claim upon which relief can be granted must ·be granted and this suit must be dismissed.