**FORD MOTOR CREDIT COMPANY**

v.

**LOUISIANA TAX COMMISSION et al.**

**Civ. A. No. 69–2970.**

United States District Court,
E. D. Louisiana,
New Orleans Division.

Jan. 4, 1971.

Gibbons Burke, Peter A. Feringa, Jr., Charles B. Johnson, Chaffe, McCall, Phillips, Burke, Toler & Sarpy, New Orleans, La., for plaintiff.

Jack P. F. Gremillion, Atty. Gen., John E. Jackson, Jr., Asst. Atty. Gen. of Louisiana; William W. Ogden, Charlton B. Ogden, III, William R. Ary, Ogden & Ogden, New Orleans, La., for defendants.

HEEBE, District Judge:

Plaintiff, Ford Motor Credit Company, brought this action for declaratory relief against the Louisiana Tax Com-

mission and various tax assessors, sheriffs and ex-officio tax collectors. Jurisdiction was predicated on 28 U.S.C. §§ 1331, 1332 and 2201. Plaintiff sought a declaratory judgment declaring that the property taxes assessed against them by the Louisiana Tax Commission pursuant to La.R.S. 47:1701 *et seq.*, were unconstitutional and were without foundation in law. Plaintiff asked that the assessments be permanently erased from the tax rolls of six of the state's parishes. Defendant moved to dismiss, arguing *inter alia*, that 28 U.S.C. § 1341, the Johnson Act, prohibits this Court from entertaining this action.

The Johnson Act provides that

"The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

In Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943), the Supreme Court observed that

"The considerations which persuaded federal courts of equity not to grant relief against an allegedly unlawful state tax, and which led to the enactment of the Act of August 21, 1937, are persuasive that relief by way of declaratory judgment may likewise be withheld in the sound discretion of the court. With due regard for these considerations, it is the court's duty to withhold such relief when, as in the present case, it appears that the state legislature has provided that on payment of any challenged tax to the appropriate state officer, the taxpayer may maintain a suit to recover it back. In such a suit he may assert his federal rights and secure a review of them by this Court. This affords an adequate remedy to the taxpayer, and at the same time leaves undisturbed the state's administration of its taxes." At 300–301, 63 S.Ct. at 1074.

In City of Houston v. Standard-Triumph Motor Co., 347 F.2d 194 (5th Cir. 1965), the court, construing the *Great Lakes* case, held that "the policies proscribing injunctive suits forbid declaratory actions as well," at 197. The court added that "it is inconceivable that the Supreme Court intended to allow any discretion to grant declaratory relief where adequate state remedies were available," at 199. This, and other cases, hold that "[t]he existence of a remedy in the State court effectively ousts the federal court of jurisdiction." Henry v. Metropolitan Dade County, 329 F. 2d 780 (5th Cir. 1964). *Accord*, Bussie v. Long, 383 F.2d 766 (5th Cir. 1967); Lasker Boiler & Engineering Corp. v. Hamm, 328 F.2d 429 (5th Cir. 1964). Cf., Hargrave v. McKinney, 413 F.2d 320 (5th Cir. 1969).

■■ Louisiana provides for administrative (La.R.S. 47:1992) and judicial (La.R.S. 47:1998, 1999 and 2000) review for taxpayers complaining about illegal assessments, as well as for suits by taxpayers to recover taxes paid under protest (La.R.S. 47:2110). See Dixon v. Flournoy, 247 La. 1067, 176 So.2d 138 (1965). The Johnson Act simply requires that the state provide a "plain, speedy and efficient remedy." The remedy need not be the plainest, speediest or most efficient. The Fifth Circuit in Bussie v. Long, *supra*, reviewed the remedies available to an aggrieved taxpayer in Louisiana and found that in the circumstances of that case, they afforded a remedy that met the test of the Johnson Act, thus precluding an action in the federal courts. We are likewise satisfied that the remedy available in this case meets the adequacy test of the Johnson Act, thereby preventing us from entertaining this action.

It was for these reasons that the Court, on April 20, 1970, entered an order granting the motion of defendant, Louisiana Tax Commission, to dismiss the plaintiff's complaint.