## TOWN OF BALL et al.

### v.

## RAPIDES PARISH POLICE JURY et al.

### Civ. A. No. 760538.

United States District Court,
W. D. Louisiana,
Alexandria Division.

Feb. 22, 1977.

William P. Crews, Jr., R. Raymond Arthur, Watson, Murchison, Crews & Arthur, Natchitoches, La., for plaintiffs.

Edward E. Rundell, Gold, Hall, Hammill & Little, Alexandria, La., for Town of Lecompte.

Jerry R. Osborne, Cox, Osborne & Michaels, New Orleans, La., for City of Pineville.

Morris Shapiro, Eugene Cicardo, Alexandria, La., for Town of Alexandria.

Edwin O. Ware, Dist. Atty., Gus Voltz, Jr., Asst. Dist. Atty., Alexandria, La., for Rapides Parish Police Jury, Rapides Parish School Board, and Town of Cheneyville.

William P. Polk, Polk, Foote, Randolph, Percy & Ledbetter, Alexandria, La., for Town of Forest Hill, Village of Woodworth and Village of McNary.

James C. Downs, Downs & Downs, Alexandria, La., for Town of Boyce.

NAUMAN S. SCOTT, Chief Judge.

## RULING ON MOTION

The Town of Ball, Louisiana and several of its citizens have brought suit against the Rapides Parish Police Jury, the Rapides Parish School Board, and several towns,[1] cities,[2] and villages,[3] which are domiciled in Rapides Parish, Louisiana, to share in, or to declare unconstitutional and enjoin a parish sales tax which was approved by Rapides Parish citizens on September 19, 1967.[4]

We are aware of no authority in support of plaintiffs' demand to share in the pro-

---

1. Cheneyville, Glenmora and Lecompte.

2. Alexandria and Pineville.

3. McNary, Forest Hill and Woodworth.

4. The proposal which was approved by the residents of Rapides Parish provides: "Shall the Parish of Rapides, State of Louisiana (under the authority of R.S. 33:2721 to R.S. 33:2734, inclusive) be authorized to levy and collect within said Parish a tax of one per cent (1%) upon the sales at retail, the use, the lease or rental, the consumption and the storage for use or consumption of tangible personal property and upon the sale of the avails or proceeds of said tax (after paying reasonable and necessary costs and expenses of collecting and administering the tax) to be allocated and divided between the Parish of Rapides, the Parish School Board of the Parish of Rapides, and incorporated municipalities in the Parish of Rapides on a percentage basis as follows: (i) 9% to the Police Jury of the Parish of Rapides as the governing authority of the Parish; (ii) 50% to the Parish School Board of the Parish of Rapides; (iii) 33% to the City of Alexandria; (iv) 5% to the City of Pineville; (v) .5520% to the Town of Boyce; (vi) .5232% to the Town of Cheneyville; (vii) .7302% to the Town of Glenmora; (viii) .7497% to the Town of Lecompte; (ix) .1311% to the Village of McNary; (x) .1524% to the Village of Forest Hill; (xi) .1614% to the Village of Woodworth; and shall the aforesaid political subdivisions dedicate and use the avails or proceeds of their respective allocations of the said tax for the purposes hereinafter set forth:

(a) In the case of the Parish, for the purpose of constructing and maintaining public roads, highways and bridges and other capital improvements, paying salaries of Parish employees, and for any other lawful corporate purposes; with such tax proceeds to be subject to funding into bonds in the manner provided by R.S. 33:2721 to R.S. 33:2734, inclusive, for the purpose of paying all or any part of the cost of one or more capital improvements; (b) In the case of the Parish School Board, for the purpose of supplementing other revenues available to the School Board for the payment of salaries of teachers and other personnel employed by the School Board; (c) In the case of the incorporated municipalities (other than the City of Alexandria), for any lawful corporate purpose (including capital improvements) with the proceeds to be subject to funding into bonds in the manner provided by the laws of the State of Louisiana, for the purpose of paying all or any part of the cost of one or more capital improvements; provided, however, that any such bonds must be approved by the electors of the issuing municipality at an election held in such

ceeds from the sales tax and plaintiff has not favored us with such authorities.

At the time the sales tax was adopted, the Town of Ball was not an incorporated municipality and thus was not included in the distribution scheme that the income generated. However, its residents voted in the election which passed the tax.

The defendants have filed a motion to dismiss for (1) failure to state a claim upon which relief can be granted under Federal Rules of Civil Procedure 12(b)(6); (2) lack of subject matter jurisdiction; and (3) prescription and/or peremption of the claim under Louisiana law. The material facts in this case are not in dispute.

We are convinced that the Johnson Act, 28 U.S.C. § 1341, bars us from taking jurisdiction on this matter and therefore defendants' motion to dismiss is granted.

The Johnson Act provides:

"The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

The Supreme Court in *Tully v. Griffin, Inc.*, 429 U.S. 68, 97 S.Ct. 219, 222, 50 L.Ed.2d 227, 232 (1976), stated that the statute

". . . has its roots in equity practice, in principles of federalism, and in recognition of the imperative need of a State to administer its own fiscal operations. 'Interference with state internal economy and administration is inseparable from assaults in the federal courts on the validity of state taxation and necessarily attends injunctions, interlocutory or final, restraining collection of state taxes. These are the considerations of moment which have persuaded federal courts of equity to deny relief to the taxpayer—es-

pecially when the state, acting within its constitutional authority, has set up its own adequate procedure for securing to the taxpayer the recovery of an illegally executed tax'. *Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293, 298, [63 S.Ct. at 1073, 87 L.Ed. 1407]" (Further citations omitted).

As long as Louisiana offers a plain, speedy and efficient remedy for challenging this allegedly illegal tax, the plaintiffs' claim does not belong in this court.

The results of the September 1967 election were promulgated on October 7, 1967. When challenging the distribution scheme contemplated by the election as in this suit, a taxpayer has sixty days from the date of promulgation in which to file his claim. The statute, L.R.S. 39:518, states:

"For a period of sixty days from the date of promulgation of the result of any election held under the provisions of this Part, any person in interest may contest the legality of the bond issue provided for, the tax authorized or the assumption of debt provided for any cause, after which time, no one may contest the legality, formality or regularity of the election or debt assumption for any cause whatsoever. If the validity of any election is not raised within the sixty days herein prescribed, the authority to issue the bonds, and to levy the tax, or assume the debt and the regularity thereof, shall be conclusively presumed, and no court shall have authority to inquire into such matters." [5]

Using this peremptory period of sixty days from October 7, 1967, plaintiffs would have had to file their suit by December 7, 1967, to enforce any claim of unconstitutionality. This lawsuit, however, was filed on May 21, 1976, well past the peremptive deadline. It is a well established principle that after the date of peremption claimants

municipality in accordance with the provisions of R.S. 33:2721 to R.S. 33:2734, inclusive; (d) In the case of the City of Alexandria, for the purpose of paying general operating expenses of the City and paying salaries of City employees."

5. Article 14, 14(n) of the Louisiana Constitution of 1921 contains provisions substantially the same as those of this section.

rights are totally unenforceable and in fact nonexistent. See *Andrieux v. East Baton Rouge Parish School Board*, 254 La. 819, 227 So.2d 370 (1969). In the *Andrieux* case, *supra*, at 370, the Supreme Court of Louisiana stated:

"We have strictly adhered to the view that the constitutional and statutory peremptive period operates as a complete extinguishment of the right to attack bond and tax elections."

The Town of Ball, however, argues that it was not incorporated until well after the 1967 election and therefore the peremption period is not applicable. We find this position to be without merit. Although the town was not officially incorporated, interested citizens of the community still could have filed suit within the statutory period challenging the tax. In fact several such interested citizens have joined the Town of Ball as co-plaintiffs in this litigation. Further, the citizens who are now within the city limits of Ball voted in the election where the tax in question was passed.

Plaintiffs further argue that Louisiana does not offer a plain, speedy and efficient remedy that is required if the court is to refuse jurisdiction under the Johnson Act. We disagree. In *Henry v. Metropolitan Dade County*, 329 F.2d 780 (5th Cir. 1964), the court addressed the question of a sixty day statute of limitations and its sufficiency under the Johnson Act. The court stated:

"The obligation of the federal court is clear from a reading of the Johnson Act. The existence of a remedy in the State court effectively ousts the federal court of jurisdiction, and the initial suit filed by appellant was properly dismissed. The expiration of time in which the state suit might have been brought does not result in the destruction of the plain and simple remedy principle specified in the Johnson Act. To hold otherwise would allow any disgruntled taxpayer to simply wait until the statute of limitations had run in the state courts and then bring suit in the federal court." *Henry v. Metropolitan Dade County, supra*, at 781.

In a Louisiana case, *Bussie v. Long*, 254 F.Supp. 797, (E.D.La.1966), the plaintiffs alleged discriminatory assessment of ad valorem taxes. The district judge dismissed the suit under the Johnson Act. With regard to Louisiana's peremption statute in that case, the court stated:

"The fact that the State prescribes certain requirements to be met before a suit may be filed or sets a time limit in which suits must be filed does not mean that the State fails to meet the 'plain, speedy and efficient remedy' test of 28 U.S.C.A. § 1341." *Bussie v. Long, supra*, at 804.

We agree with the court in *Bussie* and *Henry, supra*. Louisiana state courts are not closed to litigants contesting tax elections, such litigants must, however, bring suit within the peremptive period or forfeit their rights. This policy was promulgated to protect the public fisc. If such were not the case, municipalities would never be able to raise funds to meet their pressing obligations. It therefore follows that plaintiffs have failed to show that Louisiana's remedy in attacking the validity, distribution or constitutionality of the parish tax in this case is neither plain, efficient or speedy.

Defendants' motion to dismiss is hereby GRANTED. An appropriate form of judgment should be submitted for signature within ten days from date hereof.