Howard MADLIN and Marion Madlin, and those similarly situated, Plaintiffs,

v.

ORANGE AND ROCKLAND UTILITIES CORPORATION, Defendant.

No. 98 Civ. 0894 (BDP).

United States District Court, S.D. New York.

Oct. 14, 1998.

Paul Goldman, Segel Goldman & Mazzotta, Albany, NY, for Plaintiff.

Mark Lansing, Helm, Shapiro, Anito & McCale, Albany, NY, for Defendant.

## MEMORANDUM DECISION AND ORDER

PARKER, District Judge.

Plaintiffs Howard and Marion Madlin and those purportedly similarly situated claim pursuant to 42 U.S.C. § 1983 that defendant Orange and Rockland Utilities Corporation ("O & R") failed properly to report to state taxing authorities its special franchise property and that this failure resulted in higher local taxes for them. As relief, they seek an order from this Court directing O & R to pay alleged past due taxes to various municipalities. O & R moves under Fed.R.Civ.P. Rules 12(b)(1) and 12(b)(6) to dismiss the complaint. The motion is granted.

## BACKGROUND

Since 1985, Howard and Marion Madlin have resided and owned real property in the Village of Montebello ("Village"), located in the Town of Ramapo ("Town"), Rockland County, New York. The Village was incorporated in 1985. The property is located within the boundaries of the Ramapo Central School District ("Ramapo Central"). O & R is a New York corporation having a principal place of business in the Village of Spring Valley in Ramapo. O & R is a public utility that provides gas and electricity to customers within Orange, Rockland and Sullivan Counties. As a regulated utility, O & R is required to file reports on its operations and properties to the New York State Public Service Commission and the New York State Office of Real Property Services ("ORPS"). O & R pays real estate taxes on utility property that it owns or controls, including property that is located on right of ways in the Village. This property is known as special franchise property.

The plaintiffs allege that O & R did not file all reports and information required by ORPS and Article 6 of the Real Property Tax Law ("RPTL"), and thus underpaid real estate taxes on the special franchise property to the Village for assessment years 1988 through 1995, and to the Town, Ramapo Central and Rockland County for assessment years 1987 through 1995.

Section 604 of the RPTL requires a special franchise property owner to provide to ORPS the following information:

[A] full description of such special franchise, a copy of the special law, grant, ordinance or contract under which the same is held, or if acquired under a general law, a reference thereto, and a statement of any condition, obligation or burden imposed upon such special franchise, or under which the same is held, together

with any other information relating to the value thereof which may be required by the state board.

(2) The state board may require from any special franchise owner an annual report and, from time to time, a further or supplemental report, containing such information as it may specify.

RPTL § 604(1)(2).

The plaintiffs claim that Article 6 delegates to O & R the responsibility of providing the data and information necessary for the correct assessment of its special franchise property. Plaintiffs further claim the ORPS staff is limited and that it does not have the resources to verify the accuracy and completeness of the O & R special assessment reports, and thus O & R, by omitting information or filing incomplete information, underpaid its real estate taxes. Specifically, plaintiffs claim that O & R's failure properly to report and pay appropriate assessments has resulted in significant financial harm for them and other residents of the Village, the Town, Ramapo Central and Rockland County in the form of higher taxes. By saddling them with higher taxes, the plaintiffs contend that O & R deprived them of property without due process of law in violation of the Fourteenth Amendment of the United States Constitution.

The plaintiffs believe that for each year the franchise tax was omitted, $350,000 should have reached, but did not, the municipal coffers, and, as a consequence, the residents incurred $373,337 in extra taxes. As relief, plaintiffs seek to have their future tax obligations to the affected municipalities reduced by the amount of taxes improperly avoided by O & R.

## DISCUSSION

### A. Standard of Review

■ In considering a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept as true all the allegations contained in the complaint and construe them in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Gant v. Wallingford Bd. of Educ.*, 69

F.3d 669, 673 (2d Cir.1995); *Wolff v. City of New York Financial Servs. Agency*, 939 F.Supp. 258, 263 (S.D.N.Y.1996). A court must dismiss an action pursuant to 12(b)(1) *sua sponte* or on motion if it lacks subject matter jurisdiction and pursuant to 12(b)(6) only if " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Cohen v. Koenig*, 25 F.3d 1168, 1172 (2d Cir.1994)(quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The court may consider only 1) the facts stated on the face of the complaint, 2) documents appended to the complaint, 3) documents incorporated in the complaint by reference, and 4) matters of which judicial notice may be taken. *ESI, Inc. v. Coastal Power Production Co.*, 995 F.Supp. 419, 429 (S.D.N.Y.1998) (citing *Hertz Corp. v. City of New York*, 1 F.3d 121, 125 (2d Cir.1993)).

### B. Tax Injunction Act and Principles of Comity

■ The Tax Injunction Act ("Act") sharply limits the power of federal courts to interfere with state tax proceedings. It provides:

The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

28 U.S.C. § 1341. This provision has its roots in equity practice, in principles of federalism, and in the recognition of the need for states to control and administer their own fiscal operations. *Long Island Lighting Company v. Town of Brookhaven*, 889 F.2d 428, 431 (2d Cir.1989) (LILCO) (quoting *Tully v. Griffin, Inc.*, 429 U.S. 68, 73, 97 S.Ct. 219, 50 L.Ed.2d 227 (1976)). The Supreme Court has recognized the importance of these principles and the need for caution on the part of federal courts when asked to consider claims that would affect the right of states to collect taxes. *See Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 102, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981).

■ While the Tax Injunction Act precludes injunctive relief, the principles of comity prevent a taxpayer from recovering dam-

ages under § 1983 if a plain, adequate and complete remedy is available in state court. *Fair Assessment* noted no significant difference between the "plain, speedy and efficient" standard in the Act and the "plain, adequate and complete" standard governing comity. *Id.* (internal citations omitted).

A state court remedy will suffice if it meets certain minimal procedural criteria. *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 512, 101 S.Ct. 1221, 67 L.Ed.2d 464 (1981). The plaintiffs assert they do not have an adequate state remedy because they are not challenging the validity or accuracy of assessments on their own property, but the omission of assessments on another taxpayer's property. Thus, they claim the remedy under RPTL Article 7 is not sufficient because they are not challenging the assessment on their own property and a proceeding under Civil Practice Law and Rules ("CPLR") Article 78 is not available because they are not challenging a government determination.[1]

We believe there is an adequate state remedy in an Article 78 proceeding which may be brought to redress a state agency's abuse of discretion as well as its failure to perform duties. *See* CPLR §§ 7801, 7803. While the plaintiffs have couched their complaint in terms of O & R's failure to report, the crux of their grievance is that ORPS failed to perform its duties by failing accurately to assess O & R's special franchise property. Notably plaintiffs contend "[t]he failure of ORPS and O & R to report and pay special franchise tax assessment" resulted in significant financial harm to the plaintiffs. Further, plaintiffs contend, "ORPS, through

the defendant's actions, omitted an assessment for the defendant's special franchise property." We believe that state procedures such as Article 78 proceedings provide adequate vehicles to address the claims.

Further, pursuant to RPTL § 740[2] the Town's assessor could have challenged ORPS' assessed value of O & R. The New York legislature clearly contemplated review of special franchise assessments and conferred standing to the town assessor or the owner of the special franchise property to challenge special franchise assessments, but not on individual taxpayers like the plaintiffs who have purported consequential negative effects of an assessment. *See* RPTL § 740(1). Thus, there is an adequate remedy in state court for the proper plaintiffs and defendants. The Town assessor's failure to challenge the assessment utilizing these procedures and remedies does not negate their existence.

As previously noted, the plaintiffs claim that O & R failed to pay a special franchise tax and as a result their tax burden was increased. The plaintiffs now want this Court to determine the amount of local real estate taxes that O & R properly owes, and to order O & R to pay specific amounts to designated local governmental entities. But this is precisely the type of controversy Congress has determined is best left to the states. Because the legislature has provided an adequate remedy in state court, we lack jurisdiction under the Tax Injunction Act as well as the principles of comity.

*C. Failure to State a Claim*

Moreover, if the Act and the principles of comity did not preclude our exercise

---

1. Plaintiffs also appear to claim that any remedy under CPLR Article 78 would be barred under the statute of limitations, but the statute of limitations is irrelevant with respect to the question of the adequacy of a state remedy for purposes of the Act and the principles of comity. *Fisher v. Haber*, No. 89 Civ.2018, 1998 WL 841204, 1989 U.S. Dist. Lexis 12304, at *14 (S.D.N.Y. Oct. 17, 1989); *423 South Salina Street, Inc. v. City of Syracuse*, 566 F.Supp. 484, 492 (N.D.N.Y., 1983) (citing *Henry v. Metropolitan Dade County*, 329 F.2d 780 (5th Cir.1964)).

2. This provision states:

(1) A special franchise assessment may be re viewed...Notwithstanding any other provision of this article to the contrary, an assessing unit may commence a proceeding under this section on the ground that the value of the property...is insufficient. This proceeding shall be consolidated with any other proceeding commenced under this section by the owner of the special franchise.

...

(3) Upon timely motion, an assessing unit or a special franchise owner shall be permitted to intervene in a proceeding commenced by the other under subdivision one of this section. RPTL § 740(1)(3).

of jurisdiction, we would nonetheless conclude that plaintiff failed to state a claim under 42 U.S.C. § 1983. *See* Fed.R.Civ.P. Rule 12(b)(6). To state a claim under § 1983, a plaintiff must allege the deprivation of federally protected rights under color of state law. *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155–157, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). Acting under color of state law for purposes of § 1983 requires that the defendant have exercised power possessed under state law and made possible only because the wrongdoer is clothed with the authority of state law. *West v. Atkins,* 487 U.S. 42, 49, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) (quoting *United States v. Classic,* 313 U.S. 299, 326, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941)); *Kern v. City of Rochester,* 93 F.3d 38, 43 (2d Cir.1996).

 Plaintiffs cite *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978) and *Janusaitis v. Middlebury Volunteer Fire Department,* 607 F.2d 17, 22 (2d Cir.1979) (court held volunteer fire department was state actor) for the proposition that if the questioned activity is one traditionally associated with the sovereign, the performance, even if conducted by private entities, can amount to state action. The Supreme Court in *Flagg Bros.* did not express a view, however, as to the extent to which a municipality might be able to delegate functions such as tax collection, education, police and fire protection and thereby avoid the strictures of the Fourteenth Amendment. 436 U.S. at 163–164, 98 S.Ct. 1729. Plaintiffs claim that by enacting RPTL § 604, New York delegated to special franchise property owners tax assessment functions traditionally reserved to the state such as reporting and verification. This delegation, the plaintiffs claim, means that special franchise owners are state actors for purposes of § 1983.

The argument is not persuasive. Our review of RPTL § 604 demonstrates that the statute is not a delegation of the state's authority because the state has reserved to itself considerable enforcement measures and penalties that can be imposed for noncompliance. For example, if the utility fails to provide the required report, it is subject to a lump sum and daily penalty and ORPS may request the appropriate state court to compel compliance. *See* § 604(4)(5). Further, if the utility company fails to make the report it is not entitled to review the assessment as provided in Article 7 of the RPTL. RPTL § 604(4).

 In any event, the Supreme Court has held that, in regards to § 1983 actions, private actors are not state actors as a result of extensive or detailed state regulation. *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 350, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974)(citing *Public Utilities Comm'n v. Pollak* 343 U.S. 451, 72 S.Ct. 813, 96 L.Ed. 1068 (1952)). There must be a close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state. *Id.* at 351, 95 S.Ct. 449. The state must have exerted its coercive power over, or provided significant encouragement to, the defendant before the defendant will be deemed a state actor. *Leeds v. Meltz,* 85 F.3d 51, 54 (2d Cir.1996)(citing *Blum v. Yaretsky,* 457 U.S. 991, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982)). The plaintiffs have asserted no facts to support a reasonable inference that there was a sufficiently close nexus between O & R and the state to make O & R a state actor. Thus, the plaintiffs have failed to state a claim for relief under § 1983.

*D. Plaintiffs Lack Standing*

 Under New York law, a taxpayer lacks standing to contest another taxpayer's assessment. *See Central School District No. 1 v. Rochester Gas and Electric Corp.,* 61 Misc.2d 846, 306 N.Y.S.2d 765 (Sup.Ct.1970) (court found sole remedy for plaintiffs' suit against the owner of a nuclear power plant on grounds of deliberately and knowingly misrepresenting the value of the plant to the assessor was review of their own assessments under Articles 5 and 7 of the RPTL). Plaintiffs concede this clear doctrine and attempt to avoid its application by claiming they are not challenging the defendant's assessment, but the "omission or lack of any assessment" on the defendant's special franchise property. This distinction is not convincing. Giving the complaint its most lib-

eral construction, the clear thrust of their claim is still a challenge to another taxpayer's (i.e. O & R's) assessment. This conclusion is illustrated by the fact that the ultimate remedy plaintiffs seek is for this Court to compel payment of past due taxes from O & R. The case law makes clear that plaintiffs lack standing to do this.

## CONCLUSION

For the foregoing reasons, the defendant's motion is granted and the Clerk of the Court is directed to dismiss the action.

**SO ORDERED.**